MARGARET M. HOLM, State Bar No. 71252
margaret.holm@clydeco.us
SHERYL ROSENBERG, State Bar No. 232862
sheryl.rosenberg@clydeco.us
MELISSA M. LEOS, State Bar No. 239418
melissa.leos@clydeco.us
**CLYDE & CO US LLP**
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200
Facsimile: (415) 365-9801

Attorneys for Defendants USA GYMNASTICS and PAUL PARILLA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA ROSE RAISMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OLYMPIC COMMITTEE, a Business Entity of form unknown; USA GYMNASTICS, an Indiana Business Entity of Form Unknown; LARRY NASSAR, an individual; STEVE PENNY, an individual; PAUL PARRILLA, an individual, and DOES 1 through 500,<br><br>Defendants. | Civil Case No. 5:18-cv-02479-BLF<br><br>[The Honorable Beth Labson Freeman]<br><br>**DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FED. R. CIV. P. 12(b)(6)]**<br><br>Date:  January 31, 2019<br>Time:  9:00 a.m.<br>Courtroom: 3 |

TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on <u>January 31, 2019</u>, at 9:00 a.m. or at such other time as

the matter may be heard before the Honorable Beth Labson Freeman, Courtroom 3, 5th Floor of

the San Jose Courthouse located at 280 South 1st Street, San Jose, California 95113, defendants

USA GYMNASTICS ("USAG") and PAUL PARILLA (collectively "Defendants") will and

hereby do move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure on the grounds that (1) Mr. Parilla moves to dismiss each and every cause of action

alleged because the Complaint pleads insufficient facts to constitute any claim against him; (2)

1  USAG moves to dismiss the causes of action for Sexual Harassment, Masha's Law, and

2  Negligence Per Se – Conduct in Violation of Mandatory Reporting Laws because these causes of

3  action cannot be legally stated against USAG; (3) USAG and Mr. Parilla move to dismiss the

4  causes of action for Intentional Infliction of Emotional Distress, Unfair Business Practices, Breach

5  of Fiduciary Duty, Constructive Fraud, Negligent Failure to Warn, Train or Educate because these

6  causes of action cannot be legally stated against USAG and Mr. Parilla; and (4) USAG and Mr.

7  Parilla move to dismiss the Prayers for declaratory relief and punitive damages because the

8  allegations asserted do not support these Prayers.

9      This motion is based on this Notice of Motion and Motion, Defendants' Memorandum of

10  Points and Authorities in Support of this Motion filed herewith, all documents and pleadings on

11  file with the Court and on such additional and further matter as may be presented to the Court at or

12  prior to the hearing on this matter.

13  Dated:  September 6, 2018                                CLYDE & CO US LLP

14

15                                        By:        /s/ Margaret M. Holm

16                                                   Margaret M. Holm
                                                   Sheryl M. Rosenberg
17                                                 Melissa M. Leos
                                                   Attorneys for Defendants
18                                                 USA GYMNASTICS and PAUL PARILLA

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................3

II.   FACTUAL ALLEGATIONS ...................................................5

III.  LEGAL STANDARDS .........................................................6

IV.   ARGUMENT .......................................................................7

    A.  THE COMPLAINT FAILS TO STATE ANY CAUSE OF ACTION AGAINST DEFENDANT PAUL PARILLA UPON WHICH RELIEF CAN BE GRANTED. ...................................7

    B.  THE COMPLAINT CANNOT STATE A CLAIM FOR SEXUAL HARASSMENT (CIVIL CODE § 51.9) AGAINST USAG AS A MATTER OF LAW. ...................................7

        1.  USAG Cannot be Held Directly Liable for Sexual Harassment. ...................................................................7

        2.  USAG Cannot be Held Vicariously Liable for Sexual Harassment. ...................................................................8

        3.  The Complaint Fails to Provide the Mandatory Factual Support for Its Claim that USAG Ratified Nassar's Conduct. ...................................................................8

    C.  THE CAUSE OF ACTION FOR "MASHA'S LAW" AGAINST USAG FAILS AS A MATTER OF LAW. ...................................10

        1.  18 U.S.C. § 2255 Does Not Provide for Secondary Liability. ...................................................................10

        2.  The Doctrine of Agency Does Not Permit a Cause of Action Against USAG Under 18 U.S.C. § 2255 ...................10

        3.  USAG Cannot be Held Strictly Liable for Nassar's Actions. ...................................................................12

    D.  THE COMPLAINT DOES NOT STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST USAG OR PAUL PARILLA. ...................................12

    E.  THE COMPLAINT'S CLAIM FOR "UNFAIR BUSINESS PRACTICES" FAILS AS A MATTER OF LAW. ...................................14

        1.  The Cause of Action Fails Because the Complaint Fails to Identify any Specific Unfair, Unlawful or Deceptive Practice. ...................................................................15

        2.  The Complaint's Claim for UCL Additionally Fails Because Plaintiff Does Not Have Standing to Pursue

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

# **TABLE OF CONTENTS**
### (continued)

**Page**

Damages on Behalf of Other "Similarly Situated Participants." ...................................................................16

3.    The Complaint's Claim for UCL Fails Because ot Seeks Remedies, Including Restitution, Disgorgement, and Attorneys' Fees, Which are Unpermitted by Law. ....................16

F.    THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST USAG OR MR. PARILLA. ........................................................................17

G.    THE COMPLAINT CANNOT LEGALLY STATE A CLAIM FOR CONSTRUCTIVE FRAUD. ...........................................19

H.    THE EIGHTH CAUSE OF ACTION FOR – NEGLIGENCE *PER SE* FOR CONDUCT IN VIOLATION OF MANDATED REPORTING LAWS CANNOT BE SUSTAINED AGAINST USAG OR MR. PARILLA. ........................................................21

1.    The Penal Code Does Not Require an Entity (Like USAG) to File a Suspected Child Abuse Report. ...................21

2.    The Complaint Fails to Provide Sufficient Facts to Maintain a Cause of Action Against Mr. Parilla or USAG for Negligence *Per Se*. ..............................................21

I.    THE TENTH CAUSE OF ACTION FOR NEGLIGENT FAILURE TO WARN, TRAIN OR EDUCATE LACKS A COGNIZABLE LEGAL THEORY. ..........................................21

J.    THE PRAYER FOR DECLARATORY RELIEF SHOULD BE DISMISSED. ...................................................................22

K.    THE PRAYER FOR PUNITIVE DAMAGES SHOULD BE DISMISSED. ...................................................................23

V.    CONCLUSION...........................................................................23

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arias v. Superior Court,*
    46 Cal.4th 969 (2009) ................................................................... 16

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................... 5, 6, 7, 9, 13, 15

*Barbara A. v. John G.,*
    145 Cal.App.3d 369 (1983) .......................................................... 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................... 6, 21

*Estate of Boggs,*
    19 Cal.2d 324 (1942) ................................................................... 18

*Byrum v. Brand,*
    219 Cal.App.3d 926 (1990) .......................................................... 19

*C.R. v. Tenet Healthcare Corp.,*
    169 Cal.App.4th 1094 ...................................................................8

*Cardozo v. Bank of Am. Nat'l Trust & Savs. Assn.,*
    116 Cal.App.2d 833 (1953) .......................................................... 19

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal.4th 163 (1999) ................................................................. 16

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
    511 U.S. 164 (1994) ..................................................................... 10

*Christensen v. Superior Court,*
    54 Cal.3d 868 (1991) ......................................................... 4, 13, 14

*Cisco Sys., Inc. v. STMicroelectronics, Inc.,*
    77 F.Supp.3d 887, 895 (N.D. Cal. 2014) ..................................... 22

*Comm. on Children's Television, Inc. v. General Foods Corp.,*
    35 Cal.3d 197 (1983) ................................................................... 18

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ................................................................. 6, 8

*Copeland v. Bank of America Servicing*,
   2014 WL 12696534 (C.D. Cal. Nov. 14, 2014) ......................................... 18

*Doe v. Celebrity Cruises, Inc.*,
   394 F.3d 891 (11th Cir. 2004) ................................................................. 12

*Doe v. Liberatore*,
   478 F.Supp.2d 742 (M.D. Pa. 2007) ......................................................... 11

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal.App.4th 247 (2010) ..................................................................... 15

*Edmunds v. Atchison, T. & S.F. Ry. Co.*,
   174 Cal. 246 (1917) ................................................................................... 9

*GAB Business Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*,
   83 Cal.App.4th 409 (2000) ....................................................................... 17

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009) ............................................................................. 13

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal.App.4th 1050 (2005) ............................................................... 4, 15

*Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*,
   860 F.Supp.2d 1337 (S.D. Fla. 2012) ....................................................... 12

*Jean-Charles v. Perlitz*,
   937 F.Supp.2d 276 (D. Conn. 2013) ......................................................... 10

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 ............................................................................. 15, 16, 17

*Koyer v. Willmon*,
   150 Cal. 785 (1907) ................................................................................. 18

*Kristensen v. Credit Payment Services Inc.*,
   2015 WL 4477425 ..................................................................................... 9

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

## TABLE OF AUTHORITIES
### (continued)

**Page**

Levine v. Blue Shield of Cal.,
   189 Cal.App.3d 1117 (2010) ............................................................ 20

Lisa M. v. Henry Mayo Newhall Mem'l Hosp.,
   12 Cal.4th 291 (1995) ......................................................... 3, 8, 12

Maglica v. Maglica,
   66 Cal.App.4th 442 (1998) .............................................................. 18

Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
   67 Cal.App.3d 19 (1997) ................................................................. 19

Mangindin v. Wash. Mut. Bank,
   637 F.Supp.2d 700 (N.D. Cal. 2009) .......................................... 22

Garcia ex rel. Marin v. Clovis Unified Sch. Dist.,
   627 F.Supp.2d 1187 ......................................................................... 9

Marketing West v. Sanyo Fisher (USA),
   6 Cal.App.4th 603 (1992) ............................................................... 20

McHenry v. Renne,
   84. F.3d 1172, 1177 (9th Cir. 1996) ........................................... 21

Michel v. Moore & Assocs., Inc.,
   156 Cal.App.4th 756 (2007) ........................................................... 19

Moe v. Transamerica Title,
   21 Cal.App.3d 289 (1971) ............................................................... 20

Moss v. United States Secret Serv.,
   572 F.3d 962 (9th Cir. 2009) .......................................................... 6

Nussbaum v. Weeks,
   214 Cal.App.3d 1589 (1989) .......................................................... 20

Oasis West Realty, LLC v. Goldman,
   51 Cal.4th 811 (2011) ..................................................................... 18

Odorizzi v. Bloomfield Sch. Dist.,
   246 Cal.App.2d 123 (1966) ............................................................ 19

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

**TABLE OF AUTHORITIES**
(continued)

Page

*Pacific Select Fund v. Bank of New York Mellon,*
    2010 WL 11468787 (C.D. Cal. 2010) ................................................. 15

*Peel v. BrooksAmerica Mort. Corp.,*
    788 F.Supp.2d 1149 (C.D. Cal. 2011) ............................................... 11

*Phyllis P. v. Superior Court,*
    183 Cal.App.3d 1193 (1986) ...................................................... 14, 18

*Pierce v. Lyman,*
    1 Cal.App.4th 1093 (1991) ............................................................. 18

*Pinney & Topliff v. Chrysler Corp.,*
    176 F. Supp. 801 (S.D. Cal. 1959) ................................................... 19

*Potter v. Firestone,*
    6 Cal.4th 965 (1993) .................................................................... 13

*Principal Life Ins. Co. v. Robinson,*
    394 F.3d 665 (9th Cir. 2005) ......................................................... 22

*Ramos v. Los Rios Cmty. Coll. Dist.,*
    2018 WL 626381 (E.D. Cal. Jan. 29, 2018) .........................................8

*Reusche v. Cal. Pac. Title Ins. Co.,*
    231 Cal.App.2d 731 (1965) ..............................................................9

*Salahutdin v. Valley of California, Inc.,*
    24 Cal.App.4th 555 (1994) ............................................................. 19

*Schriber Distrib. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986) ..........................................................6

*Sime v. Malouf,*
    95 Cal.App.2d 82 (1949) ................................................................ 18

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ...........................................................6

*State Farm & Cas. Co. v. Superior Court,*
    45 Cal.App.4th 1093 (1996) ........................................................... 14

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

## TABLE OF AUTHORITIES
### (continued)

**Page**

*United States v. Newman,*
    490 F.2d 139 (3rd Cir. 1974) .................................................. 11

*Vess v. Ciba-Geigy Corp.,*
    USA, 317 F.3d 1097 (9th Cir. 2003) ...................................... 20

*Zuccaro v. Martinez Unified Sch. Dist.,*
    2016 WL 10807692 (N.D. Cal. Sept. 27, 2016) ..................... 14

**Statutes**

18 U.S.C. § 2(a) .................................................................... 11

18 U.S.C. §§ 2255 ................................................... 10, 11, 12

18 U.S.C. §§ 2423(b) and 2423(c) .......................................... 10

28 U.S.C. § 2201 ..................................................................... 22

Business & Professions Code § 17200 ......................... 4, 14, 15

Cal. Civ. Code § 1573(a) ......................................................... 19

Cal. Corp. Code, §16404 ......................................................... 18

Cal. Pen. Code §§ 11166, 11165.7 .......................................... 21

California Civil Code § 51.9 ................................................. 3, 7

California Civil Code §1573 ..................................................... 19

California *Code of Civil Procedure*§1021.5 ........................... 17

Code of Civil Procedure § 382 ................................................ 16

Fed. R. Civ. Proc. § 9(b) ......................................................... 20

Federal Rule of Civil Procedure 12(b) ...................................... 3

Federal Rule of Civil Procedure 12(b)(6) ............. 3, 5, 6, 7, 23

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

# I.  **INTRODUCTION**

This case arises from despicable acts of criminal sexual abuse perpetrated by former physician and now-convicted felon Larry Nassar ("Nassar") on Olympic gymnast, Alexandra Raisman ("plaintiff").  There is no question that Nassar inflicted personal physical and emotional harm on hundreds of athletes.  There is also no question that Plaintiff and Nassar's other victims have shown tremendous strength and courage in response to Nassar's crimes against them.  The only question raised by way of the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is whether the Complaint states adequate legal theories against defendant USA Gymnastics ("USAG") and its former Chairman of the Board of Directors, Paul Parilla ("Mr. Parilla"), as a matter of law.  This motion does not question the veracity of the allegations, which are accepted as true for this motion.  Rather, it merely requests the Court ensure that only applicable and cognizable causes of action proceed against USAG and Mr. Parilla.

As to USAG, the First Cause of Action for Sexual Harassment is fatally defective and should be dismissed under Federal Rule of Civil Procedure 12(b) because California Civil Code § 51.9 confines direct liability for sexual harassment to the perpetrator only, and because the law prevent vicarious liability against USAG when the perpetrator is not acting within the course and scope of his employment. Because California law holds that deliberate sexual assault by an employee is conduct outside the course and scope of employment, USAG also cannot be vicariously liable for Nassar's actions towards plaintiff.  *See Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*,12 Cal.4th 291, 302 (1995). While the Complaint also seeks to hold USAG liable for sexual harassment under a theory of ratification, the facts alleged to do not show that Defendants ratified Nassar's despicable, criminal behavior.

USAG seeks dismissal of the Second Cause of Action for "Masha's Law", without leave to amend, because the law does not provide for secondary liability against the perpetrator's employer.  As with the First Cause of Action, the theory of liability should be limited to solely against Nassar.

As to USAG and Mr. Parilla (jointly, "Defendants"), the Third Cause of Action for Intentional Infliction of Emotional Distress should be dismissed because the Complaint fails to

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1  demonstrate that any conduct by USAG or Mr. Parilla was directed at the plaintiff, as required

2  under *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991).  Beyond that, the allegations

3  contained in the Complaint are generally alleged as legal conclusions and omit any specific

4  extreme or outrageous act by USAG or Mr. Parilla that could provide a basis for this cause of

5  action.

6        Defendants seek dismissal of the <u>Fourth Cause of Action</u> for Unfair Competition because

7  the Complaint fails to name the underlying law that these Defendants allegedly violated such that

8  a § 17200 cause of action can be properly alleged.  *See Ingels v. Westwood One Broad. Servs.,*

9  *Inc.*, 129 Cal.App.4[th] 1050, 1060 (2005) ["A defendant cannot be liable under § 17200 for

10  committing 'unlawful business practices' without having violated another law."]  Further, the

11  damages that are sought by this cause of action far exceed those allowed; as a result, the cause of

12  action should be dismissed.

13        Defendants seek dismissal of the <u>Fifth Cause of Action</u> for Breach of Fiduciary Duty and

14  the <u>Sixth Cause of Action</u> for Constructive Fraud, without leave to amend, because there is no

15  legal support for the alleged fiduciary duty between plaintiff and USAG or Mr. Parilla, and

16  without that, both causes of action fail as a matter of law.

17        Defendants seek dismissal of the <u>Eighth Cause of Action</u> for Negligence *Per Se* – Conduct

18  in Violation of Mandated Reporting Laws – because (1) California's Penal Code only requires

19  individuals to file report, and thus, USAG, an entity, is not bound by this statute, and (2) the

20  Complaint omits any specific facts demonstrating that Mr. Parilla or any director, officer or

21  managing agent of USAG had any knowledge of Nassar's conduct before or during the timeframe

22  of Nassar's alleged abuse of plaintiff such that they were required to file a child abuse report under

23  the Penal Code.

24        Defendants seek dismissal of the <u>Tenth Cause of Action</u> for Negligent Failure to Warn,

25  Train or Educate on the grounds that this cause of action is impermissibly vague and fails to state

26  a duty on which this cause of action can be premised.

27        Defendants seek dismissal of the <u>Prayer</u> for declaratory relief because it is devoid of details

28  that would support the prayer and fails to meet the test under the Declaratory Judgment Act.

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

**4**

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1   Defendants also seek dismissal of the <u>Prayer</u> for punitive damages because the causes of action

2   that allegedly support the Prayer should be dismissed as well.

3        Finally, as to Mr. Parilla personally, the Complaint is insufficiently pled, as a matter of

4   law, and should be dismissed.  Throughout the 182 paragraphs, there are no allegations of any

5   specific wrongdoing on the part of Mr. Parilla.  Absent specific allegations, the Complaint fails to

6   meet the standard of Rule 12(b)(6) as articulated by the Supreme Court in the *Iqbal* case.  *See*

7   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

8        Accordingly, USAG and Mr. Parilla respectfully request that this Court grant their Rule

9   12(b)(6) motion on the grounds set forth above.

## II.   FACTUAL ALLEGATIONS

11       Plaintiff alleges that she was sexually abused by defendant Larry Nassar ("Nassar") in

12   2010, 2011, 2012 and 2015 "at competitions and training that occurred in Santa Clara County in

13   California, at the Karolyi Ranch in Huntsville, Texas, in Japan, and other locations across the

14   United States and internationally, including Europe and Australia." [Complaint ("Cpt."), ¶ 5.]

15   USAG is the national governing body for gymnastics in the United States and the entity that

16   selects gymnasts for the US National and Olympic teams. [Cpt., ¶ 19.] Paul Parilla was a board

17   member of USAG during the time that plaintiff alleges she was abused by Nassar. [Cpt., ¶ 23.]

18   Plaintiff alleges that Nassar was the team doctor for USAG from 1996 to 2015.  [Cpt., ¶ 24.]

19       The Complaint alleges that the defendants failed to train and supervise staff to report and

20   stop inappropriate sexual misconduct, adopt and implement safety measures, and conspired and

21   fraudulently attempted to hide Nassar's propensity to sexually abuse minors. [*See, e.g.,* Cpt., ¶¶

22   52-55.] The Complaint additionally alleges that USAG and Mr. Parilla knew or should have

23   known that Nassar posed a danger of sexual abuse and that they ratified his acts. [*See, e.g.,* Cpt.,

24   ¶¶ 45, 46, 47, 55, 67, 81.]  What the Complaint omits, however, are any facts that demonstrate that

25   the purported knowledge of USAG and Mr. Parilla preceded Nassar's abuse of plaintiff such that

26   these Defendants can be liable for plaintiff's damages.

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

### III.   LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right of relief above the speculative level." *Id.*

While a court must accept as true all material allegations in the complaint and all reasonable inferences to be drawn therefrom, the court can identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). A court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell*, 266 F.3d at 988. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).)  While leave to amend may be freely granted, leave to amend is properly denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

## IV.   ARGUMENT

**A.   THE COMPLAINT FAILS TO STATE ANY CAUSE OF ACTION AGAINST DEFENDANT PAUL PARILLA UPON WHICH RELIEF CAN BE GRANTED.**

The Complaint never alleges any specific action of wrongdoing against Mr. Parilla. Instead, the Complaint only alleges in a conclusory manner that because he was a board member of USA Gymnastics from 1999 to 2018, he knew of and oversaw concealment of allegations of sexual abuse and misconduct and, therefore, ratified that abuse. [Cpt., ¶ 23.] There is no description of what he knew or had reason to know, what purported duties his title conferred on him, or any particulars of his alleged action or non-action vis-à-vis this plaintiff. In light of the complete lack of factual allegations against Mr. Parilla, the Complaint in its entirety must be dismissed for failing to meet the standard of FRCP 12(b)(6), as articulated by the Supreme Court in the *Iqbal* case. *See Iqbal*, 556 U.S. 662.

///

///

///

**B.   THE COMPLAINT CANNOT STATE A CLAIM FOR SEXUAL HARASSMENT (CIVIL CODE § 51.9) AGAINST USAG AS A MATTER OF LAW.**

**1.   USAG Cannot be Held Directly Liable for Sexual Harassment.**

The Complaint attempts to expand California law by asserting that USAG is liable under California's Civil Code § 51.9. [Cpt., ¶¶ 62-70.] The elements of a § 51.9 sexual harassment claim are: (1) a professional relationship between plaintiff and defendant; (2) "***defendant*** has made sexual advances" or conducted other enumerated actions which were "unwelcome and pervasive or severe"; (3) plaintiff could not easily terminate the relationship; and (4) plaintiff was injured. Cal. Civ. Code § 51.9. The statute provides no basis to hold anyone but the harasser liable. Here, the person who harassed and abused plaintiff was Nassar, not USAG. Thus, while the statute may allow plaintiff to state a claim against Nassar, nothing in § 51.9 authorizes a sexual harassment claim against USAG directly.

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2.     **USAG Cannot be Held Vicariously Liable for Sexual Harassment.**

The Complaint misstates the law when it alleges that "Nassar was acting in the course and scope of his agency/employment with Defendants" such that USAG can be vicariously liable for Nassar's actions under the theory of sexual harassment. [Cpt., ¶ 63.] To the contrary, California law confirms that an employee who sexually assaults a third party is not acting within the course and scope of his or her employment for purposes of imposing liability on the employer under the doctrine of respondeat superior. *Lisa M.,* 12 Cal.4th at 302 [holding that a deliberate sexual assault by an employee "whose duties include examining or touching patients' otherwise private areas" is not within the scope of employment.] As a result, the Complaint's allegation of vicarious liability under the first cause of action fails due to a lack of cognizable legal theory. *See Conservation Force,* 646 F.3d at 1242.

3.     **The Complaint Fails to Provide the Mandatory Factual Support for Its Claim that USAG Ratified Nassar's Conduct.**

Finally, the First Cause of Action fails because the facts, as stated, do not support the allegation of ratification. The cause of action against USAG appears to be also premised on the bald allegation that USAG "ratified the sexual misconduct of Nassar by retaining him in employment after discovering, or ignoring the facts that would have led them to discover, his misconduct." [Cpt., ¶ 67.] The factual allegations in the Complaint do not support the allegation for ratification and "ignoring the facts" is not a proper legal basis for the allegation.

"'[A]n employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort.'" *C.R. v. Tenet Healthcare Corp.,* 169 Cal.App.4th 1094, 1110, quoting *Baptist v. Robinson,* 143 Cal.App.4th 151, 169-171 (2006). "'The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery.'" *Id.* "The failure to discharge an employee after knowledge of his or her wrongful acts may be evidence supporting ratification, 'but the omission to dispense with the services of the offender, standing by itself and unsupported by any other circumstances indicating the employer's approval of his course, is never sufficient to establish ratification.'" *Ramos v. Los Rios Cmty. Coll. Dist.,*

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

8

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1   2018 WL 626381, *1 (E.D. Cal. Jan. 29, 2018), citing *Delfino v. Agilent Techs., Inc.*, 145

2   Cal.App.4th 790, 810 and *Edmunds v. Atchison, T. & S.F. Ry. Co.*, 174 Cal. 246, 249 (1917).

3   While the Complaint oft repeats allegations that USAG knew or should have known that

4   Nassar had engaged in unlawful sexually-related conduct prior to her abuse, she fails to provide a

5   single instance of that purported knowledge. When an allegation fails to allege connective facts, it

6   should be dismissed. *See Iqbal,* 556 U.S. at 679.  Attempting to circumvent her lack of direct

7   factual support, the Complaint seemingly relies on USAG's President's general comments

8   regarding unfit coaches to attempt to infuse liability where none exists. [Cpt., ¶ 44.] The allegation

9   fails to provide the threshold knowledge to establish ratification, i.e., that USAG knew of *Nassar's*

10  conduct. General knowledge of general misconduct is not the law.  *See Garcia ex rel. Marin v.*

11  *Clovis Unified Sch. Dist.*, 627 F.Supp.2d 1187, 1202 ("Retention of an *employee* after knowledge

12  of the *employee's* conduct or an adequate opportunity to learn of the conduct may support an

13  inference of ratification." [emphasis added]); *id., quoting Roberts v. Ford Aero. &*

14  *Communications Corp.*, 224 Cal.App.3d 793, 801 ("'ratification may be inferred from the fact that

15  the employer, *after being informed of the employee's actions*, does not fully investigate and fails

16  to repudiate the employee's conduct[.]" [emphasis added.]). Because the Complaint fails to

17  identify any instance where USAG was purportedly informed of *Nassar's* misconduct prior to or

18  during plaintiff's timeframe of abuse, USAG could not have ratified his actions such that she was

19  harmed.

20  Moving even further away from the requisite threshold to establish ratification is the

21  allegation that USAG ratified Nassar's abuse of plaintiff by "ignoring the facts that would have

22  led them to discover, his misconduct." [Cpt., ¶ 67.] Ignorance without a reason to be suspicious is

23  not a legal basis for ratification. *Reusche v. Cal. Pac. Title Ins. Co.*, 231 Cal.App.2d 731, 738

24  (1965) (ratification may occur based on ignorance if the principal fails to investigate "and the

25  circumstances are such as to put a reasonable man on inquiry"); *Kristensen v. Credit Payment*

26  *Services Inc.*, 2015 WL 4477425, *4 ("to be consciously ignorant a defendant must fail to

27  investigate after becoming aware of specific reasons to be suspicious"). Because the Complaint

28  does not allege specific facts that support the allegation that USAG had a reason to suspect Nassar

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1  of sexual misconduct and willfully ignored that information, the cause of action for sexual

2  harassment based on ratification cannot be sustained and should be dismissed.

3  **C.    THE CAUSE OF ACTION FOR "MASHA'S LAW" AGAINST USAG FAILS AS A MATTER OF LAW.**

4  The Second Cause of Action for "Masha's Law" alleges that the defendants, including

5  USAG, are subject to the civil penalties articulated in 18 U.S.C. §§ 2255, and that the basis for the

6  penalties are identified in 18 U.S.C. §§ 2423(b) and 2423(c). This claim fails because while §

7  2255 allows for civil damages to be obtained against a perpetrator of childhood sexual abuse, it

8  does not provide that a plaintiff may obtain those same damages against an employer of the abuser

9  under these circumstances.

10  **1.    18 U.S.C. § 2255 Does Not Provide for Secondary Liability.**

11  "Masha's Law" is an amendment of the Child Abuse Victims' Rights Act of 1986, codified

12  in 18 U.S.C. § 2255, which prohibits sexual exploitation of children and permits a victim to sue

13  the perpetrator for specific statutory damages.  Not only does the plain language of the statute

14  itself not provide for secondary liability, but in a 1998 revision of the law, the Legislature

15  explicitly stated, "It is the intention of the Committee that only the offender who perpetrated the

16  offense against the minor is liable for damages under this section."  H.R. Rep. No. 105-557, at 23

17  (1998); *see also Jean-Charles v. Perlitz*, 937 F.Supp.2d 276 (D. Conn. 2013) (nothing in the

18  statute extends the statute beyond exactly who it says should be liable – the perpetrator); *see*

19  *generally, Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182

20  (1994) ("when Congress enacts a statute under which a person may sue and recover damages from

21  a private defendant for the defendant's violation of some statutory norm, there is no general

22  presumption that the plaintiff may also sue aiders and abettors.")  Accordingly, the lack of

23  reference to secondary liability in the statute is fatal and the only defendant who may be found

24  liable for a violation of 18 U.S.C. § 2255 is the one who perpetrates the crime, here Nassar.

25  **2.    The Doctrine of Agency Does Not Permit a Cause of Action Against USAG Under 18 U.S.C. § 2255.**

26  

27  Despite Congress' intent behind 18 U.S.C. § 2255 and the lack of reference to secondary

28  liability in the statute, a few courts have examined whether an employer can be held liable for its

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1   employees' violations of 18 U.S.C. § 2255.  While it has been found that cruise lines may be liable

2   pursuant to federal maritime laws (see Section B(3), *infra*), strict guidelines of application have

3   been offered by courts, none of which apply here.

4          For example, in *Doe v. Liberatore*, 478 F.Supp.2d 742 (M.D. Pa. 2007), the plaintiff

5   alleged sexual abuse by a priest, Father Liberatore, years after his employer, a church, had been

6   notified of a prior sexual incident by him that resulted in a memo expressing "serious concerns"

7   regarding Liberatore's behavior. *Id.* at 746-752.  Following Liberatore's conviction for sexual

8   abuse, the plaintiff sued both Father Liberatore and the church for a violation of 18 U.S.C. § 2255,

9   alleging that the church hierarchy should be liable under the doctrine of agency. After the church

10  hierarchy moved for summary judgment, the court determined, "if the Diocesan Defendants

11  criminally aided or abetted Liberatore in the commission of his sexual offenses, they may be held

12  liable under section 2255." *Id.* at 756, applying 18 U.S.C. § 2(a).

13         To establish whether a defendant criminally aids or abets, one must prove that "(1) the

14  substantive offense has been committed; (2) the defendant knew the offense was being committed;

15  and (3) the defendant acted with the intent to facilitate it."  *Id.,* citing *United States v. Cartwright*,

16  359 F.3d 281, 287. Unknowing participation in a crime is insufficient to have participated in the

17  substantive crime. *United States v. Newman*, 490 F.2d 139, 143 (3rd Cir. 1974). "Indeed, '[t]he

18  state of mind required for conviction as an aider and abettor is the same state of mind as required

19  for the principal offense.'" *Liberatore*, 478 F.Supp.2d at 756, quoting *United States v. Centner*,

20  116 F.3d 473 (4th Cir. 1997); *see also Peel v. BrooksAmerica Mort. Corp.*, 788 F.Supp.2d 1149,

21  1161 (C.D. Cal. 2011) ("Aiding and abetting requires 'actual knowledge of the primary violation'

22  . . . [and] 'substantial assistance' with the violation.").

23         Ultimately, the *Liberatore* court determined that despite evidence that the church may have

24  suspected Liberatore's inappropriate actions or even avoided learning of them, because "there

25  [was] no evidence that the Diocesan Defendants desired that his crimes be accomplished[,]" and

26  there was no evidence "that the Diocesan Defendants actively participated in some manner to

27  assist Liberatore in the commission of his offenses[,]" summary judgment of the cause of action

28  was appropriate. *Liberatore*, 478 F.Supp.2d at 756-757.

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1    Similarly here, although the Complaint repeats that USAG "knew or should have known"

2  that Nassar engaged in unlawful conduct, plaintiff notably excludes from her allegations that

3  USAG shared Nassar's state of mind to commit the offense, desired that Nassar sexually abuse the

4  plaintiff, or actively participated in a manner to knowingly assist Nassar in committing the

5  offense.  Without that, USAG could not have criminally aided and abetted Nassar in abusing the

6  plaintiff, and, as a result, cannot be found liable under 18 U.S.C. § 2255.  *See id.*  On those

7  grounds, the court should dismiss this cause of action.

8    **3.    USAG Cannot be Held Strictly Liable for Nassar's Actions.**

9    The Complaint cites to a single case to support the allegation that USAG can be

10  vicariously or strictly liable for Nassar's criminal sexual assault of plaintiff – *Doe v. Celebrity*

11  *Cruises, Inc.*, 394 F.3d 891, 894 (11th Cir. 2004). [Cpt., ¶ 72.]  This case does not apply.  *In Doe*

12  *v. Celebrity Cruises*, the 11th Circuit reviewed whether federal maritime law supports the

13  allegation that a cruise line can be strictly liable for a crew member's assault of a passenger.

14  Examining federal maritime law, the court found that strict liability attached due to established

15  maritime law.  The court did not review the circumstances beyond maritime law.  *See id.*; *see also*

16  *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F.Supp.2d 1337 (S.D. Fla. 2012) (also

17  confining strict liability by an employer to cases where federal maritime laws apply).  Because

18  maritime law does not apply in this case, neither does the holding of *Doe v. Celebrity Cruises*.

19  Based thereon, strict liability does not apply to USAG and this cause of action should be

20  dismissed.

21  **D.    THE COMPLAINT DOES NOT STATE A CLAIM FOR INTENTIONAL**
    **INFLICTION OF EMOTIONAL DISTRESS AGAINST USAG OR PAUL**
22  **PARILLA.**

23    As a threshold matter, USAG and Mr. Parilla cannot be held vicariously liable for the

24  allegedly criminal conduct Larry Nassar.  *Lisa M.,* 12 Cal.4th at 302  [holding that a deliberate

25  sexual assault by an employee "whose duties include examining or touching patients' otherwise

26  private areas" is not within the scope of employment].  Therefore, the IIED cause of action must be

27  one for direct liability based on the alleged conduct of Mr. Parilla and/or another one of USAG's

28  officers, directors or managing agent that was directed at plaintiff.

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

The tort of IIED requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009). To be outrageous, conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id.* The defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). Even if an action is intentional and outrageous, in a direct victim case, it is not actionable unless the action is directed at the plaintiff. *Id.* ("It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware."); *see also Potter v. Firestone*, 6 Cal.4th 965, 1002-03 (1993).

This cause of action should be dismissed for two reasons. First, the Complaint does not plead any facts that the alleged conduct of Mr. Parilla or USAG was extreme and outrageous. Instead, the Complaint generically lumps all defendants together and pleads legal conclusions regarding all defendants' alleged conduct that generally amounts to negligence if true. [*See* Cpt., ¶ 78-85.] As to Mr. Parilla, the Complaint never identifies a single specific action taken by Mr. Parilla that, if true, could constitute liability under *Iqbal*. [*See* Cpt., ¶¶ 23 (solely and conclusorily noting broadly that he oversaw concealments of abuse without providing any factual basis).] The Complaint's failure to identify any specific extreme and outrageous conduct by USAG or Mr. Parilla should result in a dismissal of the cause of action as to both defendants.

Second, the Complaint does not plead any facts demonstrating how any alleged outrageous or extreme conduct by USAG or Mr. Parilla was directed at plaintiff specifically. *Christensen*, 54 Cal.3d at 903-905. Despite the Complaint's general statement that all of the defendants' (including DOES 1-500) conduct was "toward Plaintiff," it does not provide a single fact supporting that claim. [Cpt. ¶ 79.] A plaintiff does not have standing to sue for IIED when he or she has "not alleged that the conduct of any of the defendants was directed primarily at them, was calculated to cause them severe emotional distress, or was done with knowledge of their presence

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

**13**

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1    and of substantial certainty that they would suffer severe emotional injury." *Christensen,* 54

2    Cal.3d at 905.  Therefore, the Complaint's omission of any facts supporting an allegation that

3    USAG and Mr. Parilla's allegedly extreme and outrageous conduct was directed *at her* is fatal to

4    the cause of action.[1]

5         Although the facts alleged under the IIED cause of action, if assumed to be true, may state

6    a claim for negligent conduct, the allegations are insufficient to sustain the claim for IIED.

7    Therefore, this court should dismiss the cause of action for IIED against USAG and Mr. Parilla.

8    **E.    THE COMPLAINT'S CLAIM FOR "UNFAIR BUSINESS PRACTICES" FAILS AS
         A MATTER OF LAW.**

9         The Complaint conclusorily alleges that the Defendant USAG and Mr. Parilla violated

10   California's Unfair Competition Act, codified in Business & Professions Code § 17200 ("UCL"),

11   because of general conduct alleged throughout other causes of action.  To state a claim under the

12   UCL, a plaintiff must allege that the Defendants engaged in (1) an unlawful business practice or

13   act, (2) an unfair business practice or act, (3) a fraudulent business practice or act, (4) unfair,

14   deceptive, untrue or misleading advertising, or (5) any act prohibited by Sections 17500-17577.5.

15   Bus. & Prof. Code § 17200.  Each of the five acts operates independently from the others.  *State*

16   *Farm & Cas. Co. v. Superior Court,* 45 Cal.App.4th 1093, 1102 (1996).  For the reasons stated

17   below, the Complaint fails to allege facts to state a plausible claim for a violation of any portion of

18

19   [1] It is worth noting that the Complaint's reference to *Phyllis P. v. Superior Court,*

20   183 Cal.App.3d 1193 (1986) additionally renders this cause of action subject to a
     motion to dismiss as the discussion and holding in *Phyllis P.* are unrelated to this

21   case.  In *Phyllis P.,* the court determined that the defendant school district owed a
     duty to parent plaintiffs after the defendant knew that the child was molested and

22   made a decision not to inform the parents.  Plaintiff's parents are not plaintiffs in
     this lawsuit, and thus, any reference to any alleged duties owed to them under

23   *Phyllis P.* have no place here.  Moreover, even if they were, the claim would still
     fail since plaintiff does not allege that Defendants were aware of Nassar's abuse of

24   plaintiff and then failed to inform her parents. *See Zuccaro v. Martinez Unified Sch.*

25   *Dist.,* 2016 WL 10807692, *8-9 (N.D. Cal. Sept. 27, 2016) [finding that a parent
     plaintiff only has a cause of action for IIED if the defendant knew the minor was

26   being abused prior to notifying the parent and failed to notify the parent, thereby

27   prohibiting the parent from preventing subsequent abuse of the minor.]

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

this law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### 1. The Cause of Action Fails Because the Complaint Fails to Identify any Specific Unfair, Unlawful or Deceptive Practice.

"Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, *quoting Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). "A defendant cannot be liable under §17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal.App.4th 1050, 1060 (2005). Therefore, it is facially deficient that Fourth Cause of Action does not allege that USAG or Mr. Parilla violated any underlying law.

Similarly, the Complaint provides no specific basis for her claim that USAG acted "unfairly" in the context of a UCL claim. An "unfair" practice must be "tethered" to a specific constitutional, statutory or regulatory provision. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal.App.4th 247, 257 (2010). As with her claim for "unlawful" business practices, the Complaint fail to provide a specific constitutional, statutory or regulatory provision that USAG violated within the context of the UCL cause of action to support her claim that USAG acted "unfairly."

The Complaint's claim of "deceptive business practices" is equally flawed, given that the plain language of Section 17200 attributes "deceptive" practices to advertising, which does not actually appear to be a part of the claim.

Without any underlying statutory basis for the UCL claim, the allegations sound in negligence. Since "a common law violation . . . is insufficient to state a UCL claim," this court should dismiss the fourth cause of action as without legal basis and duplicative of the general negligence claims. *See Pacific Select Fund v. Bank of New York Mellon*, 2010 WL 11468787 (C.D. Cal. 2010), quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 606 F.3d 658, 666 (9th Cir. 2010).

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1   Finally, despite the conclusory allegation that USAG "benefitted financially to the

2   detriment of its competitors," a requirements under the "Unfair Competition Law," the Complaint

3   offers no facts to support that claim that there were any competitors. To the contrary, the

4   Complaint admits that there is no competitor to USAG since USAG is the national governing body

5   for gymnastics in the United States. [Cpt., ¶ 19.] Accordingly, and on each of those grounds, the

6   Complaint does not state a plausible claim for relief and this cause of action should be dismissed.

7       **2.      The Complaint's Claim for UCL Additionally Fails Because Plaintiff Does Not
        Have Standing to Pursue Damages on Behalf of Other "Similarly Situated
8       Participants."**

9       Through the UCL cause of action, the Complaint seeks damages on behalf of plaintiff and

10  "all other similarly situated participants and members who were also subjected to Defendant's

11  illegal and unfair business practices." [Cpt., ¶ 91.] Plaintiff does not have standing to make this

12  sort of claim because she has not pleaded compliance with Code of Civil Procedure § 382, which

13  requires that should she seek a representative action, then she also must meet the requirements of a

14  class action. *Arias v. Superior Court*, 46 Cal.4th 969, 980 (2009) ("we construe the statement in

15  section 17203, as amended by Proposition 64, that a private party may pursue a representative

16  action under the unfair competition law only if the party 'complies with Section 382 of the Code

17  of Civil Procedure' to mean that such an action must meet the requirements for a class action."),

18  quoting *Fireside Bank v. Superior Court*, 40 Cal.4th 1069, 1092, fn. 9 (2007). As a result, plaintiff

19  does not have standing to seek the damages claimed in Paragraphs 91 and 92.

20      **3.      The Complaint's Claim for UCL Fails Because ot Seeks Remedies, Including
        Restitution, Disgorgement, and Attorneys' Fees, Which are Unpermitted by
21      Law.**

22      The Complaint's requests for damages under the UCL cause of action go far beyond what

23  the UCL allows, and on that ground, the Court should dismiss the cause of action. When a

24  violation of the UCL is found, the prevailing plaintiff is "generally limited to injunctive relief and

25  restitution," and "[p]laintiffs may not receive damages . . . or attorneys' fees." *Cel-Tech

26  Communications, Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal.4th 163, 179 (1999). However,

27  "[t]he object of restitution is to restore the status quo by returning to the plaintiff funds in which

28  he or she has an ownership interest." *Korea Supply Co.*, 29 Cal.4th 1134, 1149 (2003). Even

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

when the plaintiff uses the term "restitution," if the plaintiff does not have an ownership interest in the money she seeks to recover, the remedy sought cannot actually be considered restitutionary. *Id.* Put another way, it is not restitutionary when the recovery "would not replace any money or property that defendants took directly from plaintiff" or that she does not have a vested interest in. *Id.* Similarly, disgorgement is a term that refers to "surrender of all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Korea Supply Co.*, 29 Cal.4th at 1145, quoting *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal.4th 116, 127 (2000). The law is clear that "nonrestitutionary disgorgement of profits is ***not*** an available remedy in an individual action under the UCL." *Korea Supply Co.*, 29 Cal.4th at 1152, emphasis added. Accordingly, because the Complaint does not allege that the restitution that plaintiff seeks is a replacement of money taken from her, the claim for restitution is not permitted by law.

Despite the narrow damages permitted by law under a cause of action for UCL, the Complaint expands the damages request to include "disgorgement of all ill-gotten gains," a "preliminary and permanent injunction," "the appointment of a court monitor to enforce its order regarding client safety," and "attorneys' fees pursuant to the California *Business and Professions Code* and section 1021.5 of the *California Code of Civil Procedure*." [Cpt., ¶¶ 91, 92.] Because the UCL only permits an individual plaintiff suing under this cause of action and under these circumstances to seek an injunction, the balance of the relief sought is inappropriate and this Court should dismiss the Fourth Cause of Action for "Unfair Business Practices" on that basis.

**F.     THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST USAG OR MR. PARILLA.**

A cause of action for "breach of fiduciary duty" can only stand when there is a recognizable fiduciary duty which the defendant could have breached. Because the Complaint has not properly alleged a fiduciary relationship with USAG or Mr. Parilla, it has not stated a claim for breach of fiduciary duty.

Fiduciary duties arise in two circumstances: when such a duty is imposed by law or pursuant to an agreement between the parties. *GAB Business Servs., Inc. v. Lindsey & Newsom*

CLYDE & CO US LLP
. 2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1    *Claim Servs., Inc.*, 83 Cal.App.4th 409, 416-17 (2000); *Comm. on Children's Television, Inc. v.*

2    *General Foods Corp.*, 35 Cal.3d 197, 221 (1983); *Maglica v. Maglica*, 66 Cal.App.4th 442, 447

3    (1998).  Fiduciary duties imposed by law arise from certain technical or legal relationships such as

4    attorneys/clients, principals/agents, and trusts/beneficiaries.  *Barbara A. v. John G.*, 145

5    Cal.App.3d 369, 382-383 (1983).  A fiduciary relationship includes two fundamental obligations:

6    (1) a duty of loyalty; and (2) a duty of confidentiality (*see Pierce v. Lyman*, 1 Cal.App.4th 1093,

7    1102 (1991)), and generally requires "that one party control some interest of the other party."

8    *Barbara A.,* 145 Cal.App.3d at 382-383.

9         Courts often cite an attorney's obligations to his or her client as an example of

10   relationships that give rise to fiduciary duties. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th

11   811, 821 (2011). Other common examples of fiduciary relationships include: business partners

12   (*Koyer v. Willmon*, 150 Cal. 785, 787-788 (1907); Cal. Corp. Code, §16404); joint venturers (*Sime*

13   *v. Malouf*, 95 Cal.App.2d 82, 98 (1949)); and an executor and a decedent's estate (*Estate of*

14   *Boggs*, 19 Cal.2d 324, 333 (1942)).

15        Here, without any basis, the Complaint conclusorily alleges that there was a "fiduciary

16   relationship" between plaintiff and USAG and Mr. Parilla [Cpt., ¶ 94] apparently based on a

17   "special relationship" between the parties.  But a special relationship is not a fiduciary

18   relationship, as a special relationship does not involve a duty of loyalty or confidentiality, which is

19   required in a fiduciary setting.  *Compare Pierce*, 1 Cal.App.4th at 1102 ("The basic fiduciary

20   obligations are two-fold: undivided loyalty and confidentiality") *with Phyllis P. v. Superior Court*,

21   183 Cal.App.3d 1193 (1986) (finding that a special relationship existed between the parents of a

22   student and a school district because the school district stood in loco parentis while the student

23   attended school)[2].  When a plaintiff "neither allege[s] a fiduciary duty beyond the conclusory

24   statement that one existed, nor suppl[ies] facts from which the Court can properly infer one," the

25   cause of action for breach of fiduciary duty should be dismissed. *Copeland v. Bank of America*

---

26   [2] The Complaint cites to *Phyllis P. v. Claremont Unified School District* as a basis

27   for this cause of action [Cpt., ¶ 96], it is worth noting that the *Phyllis P.* court did

28   not discuss a fiduciary duty at all – in fact, the term is never found in the opinion.

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1  *Servicing*, 2014 WL 12696534, * 5 (C.D. Cal. Nov. 14, 2014).  Since there is no legal basis for the

2  claim that a fiduciary relationship existed between plaintiff and USAG and/or Mr. Parilla, this

3  Court should dismiss the Fifth Cause of Action for Breach of Fiduciary Duty without leave to

4  amend.

5  **G.    THE COMPLAINT CANNOT LEGALLY STATE A CLAIM FOR CONSTRUCTIVE FRAUD.**

6      Because plaintiff cannot legally allege that she maintained a fiduciary relationship with

7  USAG or Mr. Parilla, there also is no underlying legal basis for the Sixth Cause of Action for

8  Constructive Fraud.

9      Constructive fraud is defined by statute – California Civil Code §1573.  Pursuant to Civil

10  Code § 1573, constructive fraud consists of "any breach of duty which, without an actually

11  fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his

12  prejudice." Constructive fraud exists in cases in which conduct, although not actually fraudulent,

13  has all the actual consequences and all the legal effects of actual fraud.  Cal. Civ. Code § 1573(a);

14  *see, e.g., Salahutdin v. Valley of California, Inc.*, 24 Cal.App.4th 555 (1994); *Odorizzi v.

15  Bloomfield Sch. Dist.*, 246 Cal.App.2d 123, 129 (1966).  There must be a false representation or

16  promise as to material fact, knowledge of its falsity when made, or lack of reasonable ground to

17  believe in its truth, intent to deceive, or suppression, and reliance with resulting damages. *Pinney

18  & Topliff v. Chrysler Corp.*, 176 F. Supp. 801, 803 (S.D. Cal. 1959).

19      Constructive fraud is a unique species of fraud applicable only to a fiduciary or

20  confidential relationship.  *Michel v. Moore & Assocs., Inc.*, 156 Cal.App.4th 756, 763 (2007).  It

21  requires a showing of a definite, articulable advantage gained by one to another's prejudice.

22  *Cardozo v. Bank of Am. Nat'l Trust & Savs. Assn.*, 116 Cal.App.2d 833, 839 (1953) [where

23  executrix made representation to the plaintiff regarding his interest in an estate, then gained

24  advantage by having the estate distributed to herself].)  If a fiduciary relationship exists, any

25  concealment of material fact is fraud.  *Byrum v. Brand*, 219 Cal.App.3d 926, 937-938 (1990);

26  *Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 67 Cal.App.3d 19, 32 (1997).

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1   Here, the Complaint fails to allege facts sufficient to constitute a cause of action for

2   constructive fraud because she fails to allege facts demonstrating that USAG or Mr. Parilla made

3   any affirmative false representation of material fact or misrepresentation to her, or that USAG or

4   Mr. Parilla controlled some interest of hers or gained an advantage over her by concealment or

5   misstatement.  Strikingly, the Complaint does not contend that plaintiff ever reported any

6   suspected misconduct by Nassar, or that any particular defendant ever made any specific

7   representations to her concerning Nassar.  Instead, the Complaint offers generic boilerplate

8   allegations as to all defendants.

9   For fraud claims, a heightened pleading standard applies.  Fed. R. Civ. Proc. § 9(b) ("In

10  alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud

11  or mistake."); *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of

12  fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

13  charged.", quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  A representation must be

14  directly and specifically pleaded, or an essential element of fraud is missing.  The Complaint's

15  broad legal conclusions and boilerplate allegations fall far short of the requirement to maintain her

16  cause of action for constructive fraud.

17  To state a cause of action for fraud based on concealment, the Complaint must plead,

18  among other matters, that defendants concealed or suppressed a material fact that they owed a duty

19  to disclose to plaintiff.  *Levine v. Blue Shield of Cal.*, 189 Cal.App.3d 1117, 1126-27 (2010);

20  *Marketing West v. Sanyo Fisher (USA)*, 6 Cal.App.4th 603, 611-612 (1992).  No duty to disclose

21  can arise unless the parties stand in a fiduciary or confidential relationship.  *Nussbaum v. Weeks*,

22  214 Cal.App.3d 1589, 1594 (1989); *Moe v. Transamerica Title*, 21 Cal.App.3d 289, 306 (1971).

23  Since plaintiff was never in a fiduciary relationship with USAG or Mr. Parilla (*see* Section II(F),

24  *supra*), USAG and Mr. Parilla cannot, as a matter of law, be liable under a cause of action

25  constructive fraud.

26  Here, the Complaint has not alleged and cannot allege facts sufficient to state a cause of

27  action for constructive fraud based upon an alleged breach of fiduciary duty.  There is no basis in

28  California law for the allegation that a national governing body of a sport and its officers, directors

or managing agents have a fiduciary relationship with any of its minor participants.  Therefore, there is no legal basis for this cause of action and it should be dismissed without leave to amend.

**H.   THE EIGHTH CAUSE OF ACTION FOR – NEGLIGENCE *PER SE* FOR CONDUCT IN VIOLATION OF MANDATED REPORTING LAWS CANNOT BE SUSTAINED AGAINST USAG OR MR. PARILLA.**

**1.   The Penal Code Does Not Require an Entity (Like USAG) to File a Suspected Child Abuse Report.**

The allegation negligence *per se* for a violation of the mandatory reporter statute fails as a matter of law.  [Cpt. ¶¶ 146-156.]  Indeed, the plain language of the statute confirms that no institutions or entities are considered mandatory reporters.  *See* Cal. Pen. Code §§ 11166, 11165.7.  Rather, the duty to report is an individual's duty.  *Id.* § 11166(i)(1).  As a result, USAG cannot, as a matter, of law, be liable under this theory of negligence *per se*.  Because there is no possibility of curing this defect, the cause of action should be dismissed against USAG without leave to amend.

**2.   The Complaint Fails to Provide Sufficient Facts to Maintain a Cause of Action Against Mr. Parilla or USAG for Negligence *Per Se.***

Pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, a plaintiff is required to provide factual support for each allegation that rise above the "speculative level."  The Complaint provides no facts to support her claim here.  In fact, as with other causes of action, she generally alleges that the defendants (and all of them) knew or should have known of Nassar's prior abuse of minors and did not properly report that abuse.  Not only does she fail to include what each individual defendant allegedly knew or may have known, but she fails to allege the timeframe of such knowledge that might give rise to any damages.  Her generalities are fatal to this cause of action, and based thereon, it should be dismissed.

**I.   THE TENTH CAUSE OF ACTION FOR NEGLIGENT FAILURE TO WARN, TRAIN OR EDUCATE LACKS A COGNIZABLE LEGAL THEORY.**

A defendant is entitled to know "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84. F.3d 1172, 1177 (9th Cir. 1996).  As alleged, this cause of action appears to be intentionally obscure. While the title of the cause of action and Paragraphs 182 and 183 appear to allege that the Defendants, including USAG and Mr. Parilla, had a duty to warn, train and educate the plaintiff about how to avoid the risk of child

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1   abuse, the subsequent paragraphs conflate the issue, alleging that the Defendants should have

2   supervised "employees" from committing wrongful sexual acts with minors. It is entirely unclear

3   how the paragraphs relate to each other, and there is no authority cited for the purported duty to

4   warn, train or educate this plaintiff to avoid child abuse, let alone abuse by a perpetrator that was

5   not obvious to the Defendants prior to the timeframe of abuse.

6        "To state a cognizable claim for negligence under California law, a plaintiff 'must

7   establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages.'" *Cisco*

8   *Sys., Inc. v. STMicroelectronics, Inc.*, 77 F.Supp.3d 887, 895 (N.D. Cal. 2014), quoting *Wells*

9   *Fargo Bank, N.A. v. Renz*, 795 F.Supp.2d 898, 924-25 (N.D. Cal. 2011). The Complaint's

10  obfuscation of the claim and incoherent lack of legal duty render this cause of action subject to

11  dismissal.

12  **J.    THE PRAYER FOR DECLARATORY RELIEF SHOULD BE DISMISSED.**

13       Without any other mention, Prayer No. 8 requests "declaratory and injunctive relief,

14  including but not limited to court supervision of defendants USAG and USOC." To seek

15  declaratory relief, a plaintiff must satisfy a two-part test under the Declaratory Judgment Act,

16  codified in 28 U.S.C. § 2201. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.

17  2005). Under that test, the court must first determine that an actual case or controversy exists, and

18  then decide whether to exercise its jurisdiction to grant the relief requested. *Id.* Here, the

19  Complaint has not provided any detail of what the request for declaratory relief is tied to, which is

20  compounded by the language that the relief sought is "*including, but not limited to* court

21  supervision[.]" [Cpt., Prayer 8, emphasis added.] Without an actual cause of action for declaratory

22  relief, or any detail attenuated to the claim, the court cannot even determine whether a controversy

23  exists or whether it should exercise its jurisdiction to grant any relief. Further, to the extent that

24  the Complaint seeks declaratory relief that is commensurate with the relief sought via other causes

25  of action, the court should dismiss the prayer because "an adequate remedy exists under some

26  other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009).

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

1 | **K.    THE PRAYER FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.**

2     The Prayer for punitive damages Defendants is based on the allegations made the

3 following causes of action: First Cause of Action for Sexual Harassment, Second Cause of Action

4 for Masha's Law, Third Cause of Action for Intentional Infliction of Emotional Distress, Fifth

5 Cause of Action for Breach of Fiduciary Duty, and Sixth Cause of Action for Constructive Fraud,

6 which are each addressed in this Motion.  To the extent that this Court dismisses each of those

7 causes of action, it is equally appropriate for the Court to dismiss the final Prayer for punitive

8 damages which stems from the allegations in those causes of action.

9 | **V.    CONCLUSION**

10     Based on the foregoing, defendants USAG and Paul Parilla respectfully request that this

11 Court grant the Rule 12(b)(6) motion, thereby narrowing and clarifying the issues in this action to

12 what this lawsuit should be limited to, which is Negligence.  As to those causes of action that

13 legally may not be maintained under the law no matter the facts pled – the First Cause of Action

14 for Sexual Harassment, Second Cause of Action for Masha's Law, Fourth Cause of Action for

15 Unfair Business Practices, Fifth Cause of Action for Breach of Fiduciary Duty, Sixth Cause of

16 Action for Constructive Fraud, and Eighth Cause of Action for Negligence *Per Se* – these

17 Defendants request that this Court grant the motion without leave to amend. Further, Defendants

18 request that this Court dismiss the Prayers for which there is no underlying support, punitive

19 damages and declaratory relief.  Finally, Defendants request that this Court dismiss the entire

20 Complaint against Paul Parilla for failure to state a claim.

21 | Dated:  August 31, 2018                                    CLYDE & CO US LLP

22

23

24 |                                    By:        /s/ Margaret M. Holm

25 |                                                 Margaret M. Holm
                                                   Sheryl M. Rosenberg

26 |                                                 Melissa M. Leos
                                                   Attorneys for Defendants

27 |                                                 USA GYMNASTICS and PAUL PARILLA

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

DEFENDANTS USA GYMNASTICS AND PAUL PARILLA'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT