

MANLY
STEWART
FINALDI
L A W Y E R S

November 7, 2018

HON. MAGISTRATE JUDGE VIRGINIA K. DEMARCHI
United States District Court, Northern District of California
280 South 1st Street, Room 2112
San Jose, CA 95113

> **CASE:**     ***Aly Raisman v. United States Olympic Committee, et al.***
> Case No.:    5:18-cv-02479-BLF
>
> **RE:**      **DISCOVERY LETTER BRIEF AS TO SUBPOENA TO ROPES & GRAY**

Hon. Virginia K. DeMarchi,

In accord with the Honorable Magistrate Judge Virginia K. DeMarchi's Standing Order for Civil Cases, with respect to discovery disputes, the Parties (the term "Parties" defined for purposes of this letter as the Plaintiff, Alexandra Rose Raisman ("Plaintiff") and third-party Ropes & Gray LLP ("Ropes") submit the instant Letter Brief in compliance with Section 4(c). Thus, the Parties jointly submit the following information:

I.     <u>STATEMENT OF DISPUTE REQUIRING RESOLUTION.</u>

Plaintiff served a subpoena on Ropes for documents related to an ongoing independent investigation commissioned by the United States Olympic Committee ("USOC") and conducted by Ropes into decades-long abuse of athletes by Larry Nassar ("the Independent Investigation"). Ropes will release its findings in a public report and fully expects to issue it to the public before year-end. This dispute concerns the discoverability of:

1. Documents and correspondence provided by USOC and USA Gymnastics ("USAG"), respectively, to Ropes;;

2. Witness interview memoranda prepared by Ropes;

3. The draft and final versions of the report being prepared by Ropes.

///

///

telephone   949 252 9990
toll-free    800 761 2220
fax         949 252 9991

19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
www.manlystewart.com

71765158_2

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 2 of 9

## II.   PARTIES' POSITIONS

Pursuant to Section 4(c)(ii) of the Standing Order, the Parties provide their respective positions in 1500 words or less:

### 1.   The Plaintiff's Position On Discoverability of Documents

Plaintiff's subpoena (attached as Exhibit "1" hereto) seeks documents and correspondence that Ropes & Gray received from USOC and USAG, witness statements and reports of findings.

As background, Ropes & Gray was enlisted by the USOC to conduct an independent investigation of the USOC to determine "who knew what when." In meet-and-confer efforts, Ropes & Gray has reiterated that it was independent and that the USOC was not its client, nor would it be claiming attorney-client privilege with respect to Ropes & Gray's relationship with the USOC. In conducting this investigation, Ropes & Gray is believed to be in receipt of documents from both USOC and USAG, and through meet-and-confer efforts, it appears that Ropes & Gray is, in fact, in possession of such documents, and that it has conduct witness interviews and drafted reports regarding its findings.

Ropes & Gray's objection is based on a letter sent to counsel, stating several general grounds. It has three objections to production: (1) that the production is untimely, (2) that the production would be burdensome and harassing, and (3) that there are numerous privileges that apply to the production. Plaintiff will evaluate each of these:

### i.   The Requests Are Neither Burdensome, Nor Made Untimely.

Ropes & Gray claims that the requests are "untimely" and also "burdensome". These objections fail to prevent disclosure:

First, the objection that the requests are "burdensome" fail to deny production. Specifically, the Central District of California held in 2009 that, "… to the extent defendant objects that certain requests, such as Interrogatory no. 13, seek information equally available to plaintiff, 'courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). While Ropes & Gray does not want to produce these documents, this is not a legal basis to refuse to do so. Plaintiff's counsel has even offered to pay for the reasonable copying fees of this information, in the event the cost was a prohibitive factor. No response was received.

Ropes & Gray says the request is "untimely" in that it was made before it completed its investigation; not that the subpoena has a facial defect. This objection is unmoored from any authoritative law. It's concern that it would disclose documents before it discloses its report, is **not** cognizable as an unreasonable *time* to respond. *F.R.C.P.* 45(d)(3)(A)(ii) provides that objection may be made if a propounding party, "…fails to allow a reasonable time to comply…" Ropes & Gray was given over one month to comply (issued on September 26, 2018 with production on November 1,

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 3 of 9

2018), which is imminently reasonable. The requests are not burdensome nor "untimely". Ropes &
Gray simply just does not want to comply, which is no ground upon it can refuse to do so.

      ii.    <u>There Is No Privilege That Prevents Production.</u>

      In meet-and-confer with Ropes & Gray, Mr. Hubbard indicated that there were several
privileges he claimed to apply including: (1) the Mediation Privilege, (2) Attorney Work Product
Doctrine, (3) a governmental investigative privilege, and (3) cited authority in written meet-and-
confer efforts for an attorney work product privilege. None of these privileges prevent disclosure of
the requested documents.

      First, there is no protection under the "Mediation Privilege." While Federal Courts recognize
Mediation Privileges (*see Folb v. Motion Picture Indus. Pension & Health Plans,* 16 F. Supp. 2d
1164, 1179–80 (C.D. Cal. 1998), *aff'd,* 216 F.3d 1082 (9th Cir. 2000)), there is **no mediation here**.
Ropes & Gray has not set forth any grounds upon which mediation has begun, who is the mediator,
and how that protects documents sent to Ropes & Gray. This is simply one more objection that Ropes
& Gray has levied against production of these documents, without authority.

      Second, the attorney-work product doctrine does not shield disclosure. The very case Ropes
& Gray relied upon in the meet-and-confer process held that, "[a]pplication of these standards
demonstrates that Kidder's invocation of the work-product rule to protect factual summaries of
statements made by interviewees **cannot stand**. Specifically, **Kidder has failed to sustain its
burden to demonstrate that the documents at issue were created principally or exclusively to
assist in contemplated or ongoing litigation**." *In re Kidder Peabody Securities Litigation,* 168
F.R.D. 459, 462–63(S.D.N.Y. 1996) [emphasis added]. *Kidder,* relied upon by Ropes & Gray, stands
for the very proposition that Plaintiff makes: receipt of documents by an attorney does not transmute
them into privileged documents, **especially when it is not even USOC's or USAG's attorney**. *See
In re Superior Nat. Ins. Gr.* 518 B.R. 562, 569 (Bankr. C.D. Cal. 2014). In California, the attorney-
client privilege applies if the statement is made by a client or potential client, to a legal professional,
for the purpose of receiving legal advice. *Costco Wholesale Corp. v. Superior Court,* (2009) 47
Cal.4th 725. Even a statement by an employee to the employer's attorney may not be privileged, if
the employer requires the employee to make the statement. *D.I. Chadbourne, Inc. v. Superior Court,*
(1964) 60 Cal.2d 723, 737. Moreover, "a litigant may not silence a witness by having him reveal his
knowledge to the litigant's attorney." *D.I. Chadbourne, Inc.*, *supra,* 60 Cal.2d at 729. "[U]nless the
request is clearly improper by virtue of well-established causes for denial… only strong public
policies weight against disclosure." *Greyhound Corp.*, *supra,* 56 Cal.2d at 377-78. "Major categories
of non-derivative evidentiary material excluded from the concept of an attorney's work product
include … written or recorded statements of prospective witnesses." *Id.* at 488. These "statements
written or recorded independently by witnesses neither reflect an attorney's evaluation of a case nor
constitute derivative material, and therefore are neither absolute nor qualified work product." *Id.* at
502.  There is "no dispute that a statement independently prepared by a witness does not become
protected work product simply upon its transmission to an attorney." *Id.* When witness statements are
sought, compelling a response "is unlikely to violate the work product privilege." *Id.*

      "Major categories of non-derivative evidentiary material excluded from the concept of an

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 4 of 9

attorney's work product include … written or recorded statements of prospective witnesses." *Id.* at 488. There is "no dispute that a statement independently prepared by a witness does not become protected work product simply upon its transmission to an attorney." *Id.* When information pertaining to witness statements is sought, compelling a response "is unlikely to violate the work product privilege." *Id.*

Ropes & Gray asserts something akin to an "official information" privilege. *Kelly v. City of San Jose*, 114 F.R.D. 653, 668 (N.D. Cal 1987) ("Many of the courts that have developed doctrine about the executive or governmental privilege have drawn on cases involving the "state secrets" privilege for procedural guidelines") This privilege is completely inapplicable to Ropes & Gray as it is not a governmental entity, nor is its investigation one protected by a "state-secrets" privilege. Further, the documents it received were voluntarily sent from USOC and USAG, with witness statements from willing participants. It has no subpoena power and was retained as an independent law firm to conduct an objective investigation.

> iii.     There Is No Attorney-Work Product As The Investigation, Admittedly, Was Not Done For A "Client"

As to witness statements and reports of Ropes & Gray, it has no protectable work product. *Coito* is a California state court case, though Federal privilege law applies in this matter. *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) ("The evidence sought from Reynolds is relevant to both the federal and state claims. In such situations courts consistently have held that the asserted privileges are governed by the principles of federal law.") Notwithstanding Federal law, Ropes & Gray has no protection under California law. The case of *Coito v. Superior Court,* 54 Cal. 4th 480, 486 (2012), cited by Ropes & Gray, is distinguishable on several bases. First, the materials in *Coito* at-issue were obtained by "counsel for the state" conducting the investigation; a litigant. *Id.* at 487. Here, Ropes & Gray denies **any role as counsel for USOC or USAG** and has publicly stated that it is an independent investigator. Further, there is no attorney-client privilege, nor "anticipated litigation" as they claim; litigation has commenced and their investigation, admittedly, has nothing to do with litigation. *See* Exhibit "2". Ropes & Gray is not conducting an "investigation" that has anything to do with litigation, anticipated litigation, or representation of clients.

Under Federal Law, "…'to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.' " *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004). Ropes & Gray meets neither of these criteria in refusing to produce the reports and draft reports it creates involving the USOC and USAG.

## 2.  **Ropes & Gray's Position On Discoverability of Documents.**

Ropes is not a party to this litigation and does not seek to hamper the proceedings or the parties' discovery efforts.  Its sole mission is to determine the facts surrounding Nassar's abuse, including who knew what and when at USOC and USAG,  as well as contributing factors such as systemic deficiencies, failures of oversight and cultural conditions in elite athletics and Olympic

71765158_2

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 5 of 9

sports, for the purpose of helping to ensure, in the public interest, that such abuse can never happen again.

The Independent Investigation is thus a unique fact-finding mission, for an express public purpose. As such, it merits protection from civil litigation and the discovery sought herein, particularly during its pendency. Such protection is essential if the integrity of the Independent Investigation is to be maintained. Were this independent review to become part and parcel of pending discovery efforts, witnesses would decline to cooperate with our review, and we would be severely impeded in our effort to deliver non-adversarial, independent, straight-up fact-finding in the service of important public interests in mitigating risk and preventing child sexual abuse.

Allowing Plaintiff's subpoena requests would intrude into the Independent Investigation and disrupt its efforts when more appropriate, legitimate and proper avenues are available to Plaintiff to seek the information requested herein through the rules governing discovery in civil litigation. For example, Plaintiff seeks from Ropes the very same documents that are available from its party opponents. In addition, while the Independent Investigation is ongoing, Plaintiff seeks the core work product of Ropes attorneys that is reflected in witness interview memoranda and preliminary drafts of the Independent Investigation report, which is a report designed and intended for the public, and which will be delivered to the public *in a matter of weeks*.

### a. Ropes Should Not Be Required to Produce Documents The Investigation Received From USOC or USAG

Ropes has properly objected to the production of documents provided to the Independent Investigation as unduly burdensome under Rule 45(d)(3)(iv). Documents provided by USOC and USAG are (or will be when party discovery allows) available from those parties, and Plaintiff has provided no evidence to the contrary. It is clear that courts are "particularly reluctant to require a non-party to provide discovery" in matters such as the present one, where that discovery can be produced by one of the litigants. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409-410 (C.D. Cal. 2014) (The "court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Rocky Mountain Medical Management*, No. 4:13-cv-64-EJL, 2013 WL 6446704, at *4 (D. Idaho Dec. 5, 2013)...*Arthrex, Inc. v. Parcus Medical, LLC*, No. 2:10-cv-151-FTM, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests.").[1]

The timing of Plaintiff's request is concerning in light of the parties' disputes concerning whether merits discovery is stayed. Subpoenaing Ropes while those issues remain open additionally burdens Ropes and this Court by entangling the Independent Investigation in the litigants' dispute, the resolution of which may be dispositive of the issues framed here. Rule 45 is not a tool to allow parties to circumvent the discovery procedures required by the Court.

---

[1] Plaintiff's reliance on a decision relating to party interrogatories is wholly inapposite to an objection to a third party subpoena issued pursuant to Rule 45.

71765158_2

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 6 of 9

### b. Ropes should not be required to produce Witness Statements or Draft Reports

During the course of the Independent Investigation, Ropes has interviewed numerous witnesses, including survivors of sexual abuse. These witness interviews were neither recorded nor stenographically transcribed. Rather, notes were taken by a Ropes lawyer who necessarily exercised judgment in taking the notes and synthesizing the information for use in connection with the finding of facts, and the preparation of the investigative report for release to the public. Any interview memoranda therefore include and reflect attorney mental impressions (in terms of topics covered and questions posed, together with the context of other witness information and associated documents determined to be relevant). Moreover, the very selection of certain witnesses, and the order in which they were interviewed would disclose counsel's judgment on how to conduct the Independent Investigation.

Ropes is working expeditiously to complete the Independent Investigation's report. Any benefit of Ropes' fact-finding to which Plaintiff is entitled will be provided by the public report. Rule 26(b)(2)(C)(i) restricts Plaintiff's discovery of drafts of the Independent Investigation report, which reflect the very core of Ropes attorneys' mental impressions. While it is correct that Ropes, as the independent investigator, does not have a client relationship with the USOC, these mental impressions and core work product are privileged and deserve protection from discovery.

The work product privilege codified by Section 2018.030 of the California Code of Civil Procedure requires neither a lawyer/client relationship nor the anticipation of litigation. That statute, and the broad protection it affords, has been applied in federal and state court in California. (*See, e.g. Ritchie v. Sempra Energy*, No. 10-cv-1513-CAB, 2015 WL 12912030 *16; n.6 (S.D. Cal. June 11, 2015) (recognizing case law deferring to federal work product doctrine in light of Fed. R. Evid. 501, but applying § 2018.030 nonetheless.) It provides in part:

> (a) A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances.

Cal. Code Civ. Proc. § 2018.030.

Pursuant to *Coito v. Sup. Ct.,* 54 Cal. 4th 480 (2012), the witness statements sought by Plaintiffs are precisely the type deserving of this absolute protection. *Coito* makes clear that absolute protection is extended to witness statements "inextricably intertwined" with the attorney's notes or comments, or where the line of questioning, and the absence of certain questions, "provide a window" into the attorney's evaluation of the issues. *Coito* at 495. *Coito's* in-depth analysis of work product in general and witness statements in particular recognizes that California deliberately excised language requiring that work product be created "by or for a party" or "in preparation for or in anticipation of litigation" from the statute. *Id.* at 492-493.

California's broad recognition of core work product protection traces back to the policy behind the seminal work product ruling, where requiring an attorney to turn over memoranda of

71765158_2

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 7 of 9

witness interviews and drafts of its work product were found to contravene "the general policy against invading the privacy of an attorney's course of preparation." *Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947); *see also Upjohn*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 473 (S.D.N.Y. 1996) (explaining that "core attorney mental processes" receive "particular solicitude"). Plaintiffs misconstrue Ropes' reliance on *Kidder*.[2]

Even were the Court to conclude that Ropes' claim to work product protection is not strictly covered under § 2010.30 or related case law, the larger policy rationale behind work product protection is directly applicable and should be recognized to protect the core work product generated internally by Ropes for its own use in preparing the report.

Moreover, the intrusion resulting from Plaintiff's requests is otherwise improper. Courts have relied on a variety of rationales to uphold protection of materials such as those that Ropes is generating here. For example, the self-critical analysis privilege has been held to safeguard materials prepared in the course of an internal investigation or review, facilitating the free flow of information to aid investigations and encourage remediation. *See Reichhold Chems. v. Textron*, 157 F.R.D. 522, 524 (N.D. Fla. 1994). Such policy goals are similarly applicable here, where Ropes has interviewed numerous witnesses, including survivors of sexual abuse who wished to remain anonymous, and where the results of the Independent Investigation are expressly intended to further important public policy interests, foremost among them the prevention of child sexual abuse through informed and effective reform. If necessary, Ropes is prepared to present authority from cases applying the self-critical analysis privilege and other authorities that have rejected attempts to discover analogous material as protected by law based upon important public policy considerations which, with other factors, warrant extending privilege and other protections to shield investigatory material from discovery – particularly before a report has issued.[3]

### III.   WHETHER COURT SHOULD CONDUCT A HEARING.

#### 1.  Plaintiff's Position

Plaintiff's counsel believes that given the broad objections lodged by Ropes & Gray and clear-cut authority evidencing why production should be compelled, makes a hearing on the matter unnecessary.

#### 2.  Ropes & Gray's Position

---

[2] It is not our position that documents became privileged because USAG or USOC sent them to Ropes. As stated before, Ropes does not seek to extend internal Ropes privilege to documents provided to the Independent Investigation by third parties.

[3] Ropes reserves all rights with respect to points and authorities for which the word count under the Standing Order does not afford sufficient space.

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 8 of 9

     To the extent the Court is not inclined to deny Plaintiff's request based upon the foregoing discussion, Ropes requests an opportunity to be heard fully on these important issues either through additional briefing, an oral hearing, or both.  Such additional consideration is appropriate because this letter brief format may be insufficient to fully address the adverse effects that subpoena compliance would have on the course, quality, integrity and completion of the ongoing Independent Investigation into Larry Nassar's decades-long abuse of gymnasts, and the issuance of Ropes' report to the public setting forth the Investigation's factual findings.

## IV.    <u>DISCOVERY CUT-OFF DATES FOR FACT AND EXPERTS.</u>

     The discovery cut-off dates are as follows:

     **January 10, 2020:**   Non-Expert Discovery Cutoff

     **March 9, 2020:**     Expert Discovery Cutoff

     Importantly, for the jurisdictional challenges and discovery disputes that are pending, **November 21, 2018** is the final day for the Plaintiff to file Oppositions to the USOC's (and other defendants') challenges under *F.R.C.P.* 12(b)(2).

## V.    <u>ATTESTATION TO COMPLIANCE WITH LEAD COUNSEL CONFERENCE.</u>

     On October 30, 2018, Lead Counsel in this matter (Mr. Vince Finaldi for the Plaintiff and Mr. Eric Hubbard for Ropes & Gray; with presence of other counsel) conferred, pursuant to the demand of Plaintiff under the Standing Order, though no informal resolution could be attained.

## VI.    <u>ATTACHMENTS WITH SPECIFIC DISCOVERY MATERIAL AT-ISSUE</u>

     The following attachments to this submission are as follows:

     <u>Exhibit "1"</u>    Subpoena For Production of Documents to Ropes & Gray

     <u>Exhibit "2"</u>    Press Release of Ropes & Gray

     <u>Exhibit "3"</u>    Subpoena Responses and Objections from Ropes & Gray

///

///

///

///

///

Hon. Magistrate Judge Virginia K. Demarchi
**U.S. DISTRICT COURT**
November 7, 2018
Page 9 of 9

     The undersigned agree that Lead Counsel in this matter, for the respective parties engaged in a confer effort about the discovery that was disputed (and noticed in this letter), and no compromise was able to be reached.

VINCE W. FINALDI, Esq.
**MANLY, STEWART & FINALDI**
Counsel for Plaintiff Alexandra Rose
Raisman

ERIC HUBBARD, Esq.
**ROPES & GRAY LLP**
Counsel for Ropes & Gray

71765158_2

# EXHIBIT "1"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| ALEXANDRA ROSE RAISMAN | ) |
| *Plaintiff* | ) |
| v. | ) |
| UNITED STATES OLYMPIC COMMITTEE, ET AL. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  5:18-cv-02479-BLF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  CUSTODIAN OF RECORDS FOR ROPES & GRAY, Three Embarcadero Center San Francisco, CA 94111-4006

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT "1".

| Place: DDS Legal Services;<br>     2900 Bristol Street, Suite 106<br>     Costa Mesa, CA 92626 | Date and Time:<br><br>     11/01/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2018

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Alexandra Rose Raisman                                              , who issues or requests this subpoena, are:

Alex E. Cunny, Esq.; Manly, Stewart & Finaldi; 19100 Von Karman Avenue, Suite 800, Irvine, CA 92612

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   5:18-cv-02479-BLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Deposition Subpoena For Production of Documents
Ropes & Gray Custodian of Records
Attachment 1

## ATTACHMENT 1

**Request No. 1:**

Please produce all documents you received from USA Gymnastics ("USAG"), with respect to Ropes & Gray's investigation regarding former Dr. Lawrence Gerrard Nassar ("Nassar").

**Request No. 2:**

Please produce all documents you received from the United States Olympic Committee ("USOC"), with respect to Ropes & Gray's Investigation of Nassar.

**Request No. 3:**

Please produce all witness statements in your possession, custody or control, regarding Ropes & Gray's investigation of Nassar.

**Request No. 4:**

Please produce all documents produced (or otherwise sent to) to Ropes & Gray from the United States Olympic Committee or its counsel.

**Request No. 5:**

Please produce all reports (whether in final or draft format) regarding the investigation of Ropes & Gray.

**Request No. 6:**

Please produce all correspondence that was sent to you by USOC, regarding Nassar.

**Request No. 7:**

Please produce all correspondence that was sent to you by USAG, regarding Nassar.

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Manly, Stewart & Finaldi, 19100 Von Karman Ave., Suite 800, Irvine, CA  92612.

On September 26, 2018, I served the within documents:

1)      SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO CUSTODIAN OF RECORDS FOR ROPES & GRAY

[ ]     ELECTRONIC - As addressed to all parties appearing on the Court's ECF service list in this action via the Central District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

[X]     BY U.S. MAIL
[ ]     I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
[X]     I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

FEDERAL - I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on September 26, 2018, at Irvine, California.

                        /s/ Kathy Frederiksen
                        Kathy Frederiksen

1

SERVICE LIST
Alexandra Rose Raisman v. United States Olympic Committee, et al.
USDC, Case No. 5:18-cv-02479-BLF

2

3  Kevin James Minnick
   Skadden Arps Slate Meagher and Flom LLP
4  300 South Grand Avenue Suite 3400
   Los Angeles, CA 90071
5  213-687-5000
   Fax: 213-687-5600
6  Email: kevin.minnick@skadden.com
7  Attorneys for Defendant MICHIGAN STATE UNIVERSITY

8  Mitchell A. Kamin
   mkamin@cov.com
9  Carolyn Kubota
   ckubota@cov.com
10 Mark Y. Chen
   mchen@cov.com
11 Paulina Slagter
   pslagter@cov.com
12 COVINGTON & BURLING LLP
   1999 Avenue of the Stars, Suite 3500
13 Los Angeles, CA 90067-4643
   Telephone: + 1 424-332-4800
14 Facsimile: + 1 424-332-4749
15 Attorneys for Defendant UNITED STATES OLYMPIC COMMITTEE

16

17 Udit Sood
   usood@cov.com
18 David M. Jolley
   djolley@cov.com
19 COVINGTON & BURLING LLP
   One Front Street, 35th Floor
20 San Francisco, California 94111-5356
   Telephone: + 1 (415) 591-6000
21 Facsimile: + 1 (415) 591-6091
22 Attorneys for Defendant UNITED STATES OLYMPIC COMMITTEE

23

24

25

26

27

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Margaret M. Holm
Melissa McKenna Leos
Sheryl M Rosenberg
Clyde & Co US LLP
2020 Main Street
Suite 1100
Irvine, CA 92614-8234
(949) 567-7838 (Direct)
(714) 322-5578 (Cell)
margaret.holm@clydeco.us
Melissa.leos@clydeco.us
sheryl.rosenberg@clydeco.us
Attorneys for Defendants USA GYMNASTICS, an Indiana business entity of form unknown and
Defendant PAUL PARILLA

Edith R Matthai
Leigh Porter Robie
Robie and Matthai
500 South Grand Avenue Suite 1500
Los Angeles, CA 90071
213-706-8000
Fax: 213-706-9913
ematthai@romalaw.com
lrobie@romalaw.com
Attorneys for Defendant STEVE PENNY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

# EXHIBIT "2"

# ROPES&GRAY

Ropes & Gray is conducting an independent investigation into the decades-long abuse of athletes by Dr. Larry Nassar, including not only "who knew what when" and what was done in response, but also the circumstances that contributed to and allowed for Nassar's abuse to continue for such an extended period of time.  In conducting our investigation, we have both (i) complete independence and (ii) broad discretion and scope to get to the bottom of what happened, including any systemic deficiencies, failures of oversight and contributing cultural conditions.

**With regard to our independence**:

- We are not providing legal advice to any individual or organization.

- We are not acting as lawyers to any individual or organization.

- We have full discretion to conduct the investigation and make factual findings in whatever way we choose. We alone will decide what will be included in our report.

- Our full report will be made available to the public upon completion of our investigation.

- There is no attorney-client privilege that attaches to our factual findings.

- We have not previously represented the United States Olympic Committee or USA Gymnastics, and we have committed as a firm that Ropes & Gray will not represent either organization on any matter, however unrelated, for an extended period of years following completion of our independent investigation.


**With regard to the scope of our Investigation**:

- Our investigative scope is not narrowly limited to "who knew what when" and what was done in response, but more broadly encompasses all relevant contributing conditions and factors.

- We have the authority to determine what is relevant to our investigation, including witnesses, documents and other information.  Our investigation includes interviews of officers, directors, employees and agents as well as review of emails, internal communications, central files and other records.

- If anyone asserts that any information we request is privileged, confidential or not relevant and declines to provide access to us, we will so state in the public report of our findings.

- In making factual findings regarding contributing conditions and factors, our review will include any systemic deficiencies, failures of oversight and contributing cultural conditions.

- We have committed and are bringing to bear the full resources of our law firm to uncover and publicly report the truth of what went wrong, in all of its dimensions.

# ROPES&GRAY

We welcome input from any individual or organization with information potentially relevant to our independent investigation.  We hope that we will have the opportunity to meet with and hear directly from you.

For those who wish to provide information relevant to the independent investigation, Ropes & Gray has set up a hotline and an email account. The hotline number is 833-458-8316 or +1-617-235- 4070. The email address is USOCinvestigation@ropesgray.com.  A member of our investigative team will respond promptly, within one business day, to your call or email.  Please know that we will keep your identity confidential unless you give us express permission to disclose it, except as may be required to protect a minor from harm or as otherwise mandated by law.

# EXHIBIT "3"



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

Eric R. Hubbard
T +1 212 596 9146
eric.hubbard@ropesgray.com

October 18, 2018

**BY E-MAIL**

Alex E. Cunny, Esq.
Manly, Stewart & Finaldi
19100 Von Karman Ave, Suite 800
Irvine, CA 92612

Non-Party Subpoena in *Raisman v. U.S. Olympic Committee, et al.*, Case No. 18-cv-02479-BLF

Dear Mr. Cunny:

We write in response to a non-party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, served on our San Francisco office on October 4, 2018 (the "Subpoena"), issued on behalf of plaintiff Alexandra Rose Raisman in the above-referenced action. The Subpoena seeks to discover certain documents obtained or prepared by Ropes & Gray during its ongoing independent investigation into the abuse of athletes by Larry Nassar.

Without waiving any objections, and pursuant to Federal Rule of Civil Procedure 45, this letter serves as our written objection to the production of documents in response to the Subpoena.

As an initial matter, Ropes & Gray objects to the Subpoena and each request as untimely and unduly burdensome. This objection arises in large part from the fact that this Subpoena seeks documents and witness statements obtained or prepared by Ropes & Gray during our active, independent investigation. Such requests intrude on the investigative process itself. For example, premature disclosure of witness statements before completion of the investigation may have significant detrimental effects, which likely will disrupt, complicate, and potentially comprise the quality of the investigation and delay its conclusion.

As it has stated publicly, Ropes & Gray intends to release to the public a report upon completion of the independent investigation. Responding to this Subpoena before the issuance of the report would be premature, would serve as a distraction to the investigation, and likely would have a chilling effect on witness participation in our investigation.

Moreover, parties to the litigation can acquire most of the materials sought in the Subpoena through traditional means of discovery from the parties that are asserted to have provided materials to Ropes & Gray, thereby avoiding the imposition of an undue burden on our firm.

Alex E. Cunny, Esq.                    - 2 -                    October 18, 2018

      Finally, although this investigation in general is not protected by the attorney-client privilege, Ropes & Gray retains the right to assert any applicable privileges, including that the requested materials may implicate the strategies, mental impressions and other intellectual reflections of legal counsel at Ropes & Gray, to which the law accords special consideration and that may be protected from discovery as work-product.

      In light of the foregoing, we object to the Subpoena and will not be producing the documents requested therein at this particular point in time.  However, we are happy to engage in a dialogue with you to further address your requests.  If you would like to do so, kindly reach out to me directly via email or phone.  I've provided both in my letterhead on the first page of this response.

      Best regards,

      Eric R. Hubbard, Esq.
      General Counsel

ERH:kce

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Manly, Stewart & Finaldi, 19100 Von Karman Ave., Suite 800, Irvine, CA 92612.

On November 8, 2018, I served the within documents:

1) DISCOVERY LETTER BRIEF AS TO SUBPOENA TO ROPES & GRAY

ELECTRONIC - As addressed to all parties appearing on the Court's ECF service list in this action via the North District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

Eric R. Hubbard
Emily A. Cobb
Joan McPhee
James Dowden
General Counsel
ROPES & GRAY LLP
T +1 212 596 9146
1211 Avenue of the Americas
New York, NY 10036-8704
eric.hubbard@ropesgray.com
Emily.Cobb@ropesgray.com
Joan.McPhee@ropesgray.com
James.Dowden@ropesgray.com

[X]   BY U.S.  MAIL
[ ]   I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
[X]   I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION** I caused the documents to be sent to the persons on the e-mail addresses as listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

FEDERAL - I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on November 8, 2018, at Irvine, California.

_____/s/ Kathy Frederiksen_____
Kathy Frederiksen

1

2

<u>SERVICE LIST</u>
<u>Alexandra Rose Raisman v. United States Olympic Committee, et al.</u>
<u>USDC, Case No. 5:18-cv-02479-BLF</u>

3

4

Kevin James Minnick
Skadden Arps Slate Meagher and Flom LLP

5

300 South Grand Avenue Suite 3400
Los Angeles, CA 90071

6

213-687-5000
Fax: 213-687-5600

7

Email: kevin.minnick@skadden.com
Attorneys for Defendant MICHIGAN STATE UNIVERSITY

8

9

Mitchell A. Kamin
Carolyn Kubota

10

Mark Y. Chen
Paulina Slagter

11

COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500

12

Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800

13

Facsimile: + 1 424-332-4749

14

Attorneys for Defendant UNITED STATES OLYMPIC COMMITTEE

15

Udit Sood
David M. Jolley

16

COVINGTON & BURLING LLP
One Front Street, 35th Floor

17

San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000

18

Facsimile: + 1 (415) 591-6091

19

Attorneys for Defendant UNITED STATES OLYMPIC COMMITTEE

20

Margaret M. Holm
Melissa McKenna Leos

21

Sheryl M Rosenberg

22

Clyde & Co US LLP
2020 Main Street, Suite 1100

23

Irvine, CA 92614-8234
(949) 567-7838 (Direct)

24

(714) 322-5578 (Cell)

25

margaret.holm@clydeco.us
Melissa.leos@clydeco.us

26

sheryl.rosenberg@clydeco.us
Attorneys for Defendants USA GYMNASTICS, an Indiana business entity of form unknown and

27

Defendant PAUL PARILLA

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Edith R Matthai
Leigh Porter Robie
Robie and Matthai
500 South Grand Avenue Suite 1500
Los Angeles, CA 90071
213-706-8000
Fax: 213-706-9913
ematthai@romalaw.com
lrobie@romalaw.com
Attorneys for Defendant STEVE PENNY

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990