**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALEXANDRA ROSE RAISMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OLYMPIC COMMITTEE, et al.,<br><br>    Defendants. | Case No. 18-cv-02479-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR EXPEDITED RULING ON MOTION TO TRANSFER WITHOUT A HEARING; AND DENYING MOTION TO TRANSFER**<br><br>[RE: ECF 67, 98] |

This is one of numerous lawsuits arising out of Dr. Larry Nassar's shocking sexual abuse of young girls and young women entrusted to his care for medical treatment.[1] Eight such actions are pending in federal district courts in California. Seven are pending in the Central District of California before the Honorable Josephine L. Staton, and the eighth – the present case – is pending before the undersigned. All eight actions were filed by the same law firm and all assert claims grounded in Nassar's abuse.

Defendant Nassar was the team doctor for the United States' women's Olympic and National gymnastics teams, as well as a doctor in the athletics department at Michigan State University ("MSU"). Plaintiff Alexandra "Aly" Raisman, a former Olympic gymnast, alleges that Nassar sexually abused her and hundreds of other minor girls. She sues him and other individuals and entities she claims knew or should have known that Nassar is a pedophile but "put their quest

---

[1] Nassar has been convicted of multiple counts of criminal sexual conduct and currently is serving a lengthy term of imprisonment.

for money and medals, above the safety of the Plaintiff and other minor competitive athletes." Compl. ¶ 1, ECF 34. Those individual and entity defendants are the United States Olympic Committee ("USOC"), USA Gymnastics ("USAG"), former USAG President Steve Penny, former USAG board member Paul Parilla, and MSU.

Defendants USAG and Parilla move to transfer the present action to the Central District of California under 28 U.S.C. § 1404(a) so that they may be coordinated with the seven cases pending before Judge Staton. Ms. Raisman opposes transfer. The transfer motion, which has been fully briefed, is set for hearing on February 7, 2019.

On November 14, 2018, USAG and Parilla filed an administrative motion to advance the hearing date on the transfer motion or, alternatively, for an expedited ruling on the transfer motion without a hearing. *See* Motion to Change Time, ECF 98. USAG and Parilla contend that the transfer motion should be adjudicated as soon as possible because this case and the cases before Judge Staton are proceeding on two different tracks, requiring duplication of work and risking conflicting rulings on substantially similar motions. USAG and Parilla argue that those issues may be avoided if the Court rules on, and grants, the transfer motion on an expedited basis. Ms. Raisman opposes the administrative motion.

For the reasons discussed below, the administrative motion for an expedited ruling on the transfer motion without a hearing is GRANTED and the February 7, 2019 hearing on the transfer motion is VACATED. The transfer motion is DENIED on the bases that Ms. Raisman has declined to consent to transfer and moving parties have not demonstrated that the present action might have been brought in the Central District of California.

**I.     BACKGROUND**

The seven actions pending before Judge Staton and the action pending before this Court originally were filed in state courts throughout California by the law firm Manly, Stewart & Finaldi ("Manly"). In September 2017, after filing many of the Nassar cases (but not Ms. Raisman's), Manly filed a Petition for Coordination before the Judicial Council of California asking that the Nassar cases be transferred to a single court. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 8 & Exh. A, ECF 67-1. Manly argued among other things that "[t]he legal theories

2

against these defendants (institutional and non-institutional) are nearly identical for each action, and the determination of issues is likely to overlap in each action," and that failure to coordinate would "risk inconsistent or divergent rulings between cases." *Id.* The Petition for Coordination was granted in December 2017. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 9 & Exh. B, ECF 67-1. All of the then-pending Nassar cases were transferred to the Honorable Randall J. Sherman of the Orange County Superior Court in January 2018. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 10 & Exh. C, ECF 67-1.

In February 2018, Manly filed the present case on behalf of Ms. Raisman in the Santa Clara County Superior Court. *See* Notice of Removal, ECF 1. On April 24, 2018, Manly filed an add-on petition requesting that Ms. Raisman's case be transferred to the Orange County Superior Court for coordination with the other Nassar cases. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 12 & Exh. E, ECF 67-1. In support of the add-on petition, Manly argued that Ms. Raisman's claims were "highly similar to those pending in the Coordinated Action" because she alleged, "similar to the allegations of the 'Coordinated Cases', that those responsible defendants knew or should have known that Nassar posed a danger to her as a child." *Id.* Manly also argued that Ms. Raisman's case contained "common causes of action with the Coordinated Cases including Negligence, Negligent Supervision, Negligent Hiring, Sexual Harassment (Civil Code §51.9) and others," and that both Ms. Raisman's case and the Coordinated Action would involve "challenges to personal jurisdiction (or in the alternative, forum non conveniens) as well as similar pleading challenges." *Id.* Finally, Manly argued that "Adding on the instant matter would further justice, promote efficiency for all parties involved, and ultimately, reduce waste, resolution of duplicative issues, and unnecessary costs in litigating these matters. The Plaintiff's case is so similar to matters set to be litigated, that it is readily apparent common issues of law will predominate the expected jurisdictional challenges." *Id.*

The petition to add-on Ms. Raisman's case to the Coordinated Action was never addressed, because the day after it was filed, USOC removed Ms. Raisman's case from the Santa Clara County Superior Court to the Northern District of California. *See* Notice of Removal, ECF 1. USOC also removed all but one of the other Nassar cases to the Central District of California,

1 where they were assigned to Judge Staton pursuant to the Central District's General Order 16-05 (Related Cases). The single Nassar case which USOC did not remove (because USOC is not a party to that case) remains pending before Judge Sherman in the Orange County Superior Court.

## I. ADMINISTRATIVE MOTION FOR EXPEDITED RULING

Defendants USAG and Parilla move to shorten time for hearing on the transfer motion or for an expedited ruling on the transfer motion without a hearing. Ms. Raisman opposes the administrative motion.

Moving parties contend that a ruling on their transfer motion should be expedited to prevent duplication of work and inconsistent rulings while the transfer motion is pending. For example, in the present case Defendant Penny has filed an ex parte application for a stay of this litigation pending resolution of a criminal prosecution against him in Texas. *See* Ex Parte Application, ECF 78. Judge Staton has denied a similar ex parte application brought by Penny in cases pending before her, but she has allowed Penny to file a noticed motion for stay that she has set for hearing on January 4, 2019. *See* Holm Decl. ISO of Admin. Motion ¶ 6.a., ECF 98-1. In the present case, USOC, USAG, Parilla, and Penny have filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6), which are set for hearing in January and February 2019. *See* Motion, ECF 49, 56, 61. In the cases before Judge Staton, USOC, USAG, Parilla, and Penny have filed substantially similar Rule 12 motions. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 4, ECF 67-1. At least one of the motions filed before Judge Staton is set for hearing on March 15, 2019. *See* Courtesy Notice, ECF 96.

The Court finds it appropriate to address the transfer motion before the scheduled February hearing date. Because the briefing is complete and the issues are clearly addressed, a hearing is not necessary for the Court. Therefore, moving parties' alternative request to submit the transfer motion for disposition without a hearing is GRANTED and the February 7, 2019 hearing date on the transfer motion is VACATED.

## II. MOTION TO TRANSFER

USAG and Parilla move to transfer this case to the Central District of California where the other Nassar actions are pending before Judge Staton. Ms. Raisman opposes transfer.

4

The motion to transfer is governed by 28 U.S.C. § 1404, which provides in relevant part that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted).

The Ninth Circuit has identified a number of factors which "the court may consider" in deciding whether transfer under § 1404(a) is appropriate: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The district court may consider these factors "under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.*, No. CV 16-2286-GW (MRWX), 2016 WL 7496721, at *2 (C.D. Cal. Aug. 8, 2016); *see also Cray, Inc. v. Raytheon Co.*, No. C15-1127JLR, 2016 WL 3254997, at *4 (W.D. Wash. June 13, 2016) ("Because these factors cannot be mechanically applied to all types of cases, the court considers them under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." (internal quotation marks and citation omitted)).

Thus, USAG and Parilla must show that (a) transfer is warranted based on the convenience of parties, convenience of witnesses, and the interests of justice; and (b) all parties have consented to, or the case might have been brought in, the Central District of California.

**A.  Convenience of Parties, Convenience of Witnesses, and Interests of Justice**

In the Court's view, a balancing of the statutory factors – convenience of parties, convenience of witnesses, and the interests of justice – favors transfer here.

### 1. Convenience of Parties

"The plaintiff's initial choice of forum usually receives some weight, and is given substantial deference if the plaintiff is a resident of the district in which the action is brought." *Headstart Nursery, Inc. v. Palmeri*, No. 18-CV-03285-NC, 2018 WL 4961664, at *7 (N.D. Cal. Oct. 12, 2018) (internal quotation marks and citation omitted). However, "a plaintiff's preference in forum is given less weight if a case is in federal court only because the defendant removed it." *Mobilitie Mgmt., LLC v. Harkness*, No. 8:16-cv-01747-JLS-KES, 2016 WL 10880151, at *4 (C.D. Cal. Nov. 28, 2016). Ms. Raisman did not choose the Northern District of California – her case is here only because it was removed by USOC. Ms. Raisman does not reside in the district. *See* Compl. ¶ 4 (Ms. Raisman resides in Massachusetts), ECF 34. Ms. Raisman filed suit in the Santa Clara County Superior Court because Nassar molested her in Santa Clara County. Opp. at 6, ECF 72. However, Ms. Raisman's complaint makes clear that Nassar's horrific conduct occurred not only in Santa Clara County but also "at the Karolyi Ranch in Huntsville, Texas, in Japan, and other locations across the United States and internationally, including Europe and Australia." Compl. ¶ 5, ECF 34. Ms. Raisman herself sought to transfer the case to the Orange County Superior Court prior to removal. Under these circumstances, Ms. Raisman's choice of forum is given a slight amount of weight.

With respect to Defendants, Parilla resides in Orange County and therefore would find the Central District more convenient than the Northern District. *See* Transfer Motion at 9, ECF 67. The other Defendants appear to be non-residents of California, and nothing in the record indicates that they would find one district more convenient than the other. Although moving parties suggest that the Central District of California would be more convenient to some Defendants because their attorneys are located there, most courts have found that the location of counsel should be afforded little if any weight in a § 1404(a) analysis. *See Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011) (collecting cases).

In summary, Ms. Raisman's choice of forum weighs slightly against transfer and Parilla's residence in the Central District weighs slightly in favor of transfer. The other Defendants would find either district equally convenient. Accordingly, this factor is neutral.

### 2. Convenience of Witnesses

This factor also is neutral, as the witnesses in this case are located across the United States. *See* Am'd Holm Decl. ISO Transfer Motion ¶ 5, ECF 67-1. Nothing in the record indicates that the witnesses would find either district more convenient.

### 3. Interests of Justice

Several district courts within the Ninth Circuit have found the interests of justice factor to be the most important when evaluating a § 1404(a) motion. *See, e.g., IHS Concepts, Inc. v. BonWorth, Inc.*, No. CV 18-01428-RSWL-MRW, 2018 WL 3244496, at *5 (C.D. Cal. Apr. 17, 2018) ("The interests of justice consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way." (internal quotation marks and citation omitted)); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) ("The interest of justice factor is the most important of all."). "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d at 1261 (internal quotation marks, citation, and alteration omitted). As discussed above, seven other Nassar actions are pending in the Central District before Judge Staton. The present case is the only outlier, which Ms. Raisman's own counsel previously recognized should be coordinated with the other Nassar actions pending in California.

Because the convenience factors are neutral and the interests of justice factor strongly favors transfer, the Court finds that on balance the statutory factors favor of transfer to the Central District of California. However, the Court cannot order transfer because Ms. Raisman has declined to consent to the Central District of California and moving parties have failed to demonstrate that this action might have been brought in the Central District.

### B. District to Which Parties Consent or in Which Case Might Have Been Brought

Even when the statutory factors discussed above favor transfer, the Court may order transfer of venue under § 1404(a) only "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

### 1. District to Which All Parties Have Consented

Prior to 2012, § 1404(a) permitted transfer of a civil action only "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (West 2011). "Congress amended § 1404(a) in 2011 to state that cases can be transferred to any other district or division where it might have been brought *or to any district or division to which all parties have consented*." *Zaklit v. Glob. Linguist Sols.*, LLC, No. CV 13-08654 MMM (MANx), 2014 WL 12521725, at *10 n.74 (C.D. Cal. Mar. 24, 2014) (emphasis added).

USAG and Parilla represent that although all other parties consent to transfer of this case to the Central District of California, Ms. Raisman does not. *See* Transfer Motion at 3, ECF 67. Ms. Raisman argues that her consent, or lack thereof, is irrelevant to the § 1404(a) inquiry. She cites *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960), in which the Supreme Court held that "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Ms. Raisman also cites a District of Connecticut decision which relied on *Hoffman* to conclude that "[t]he Supreme Court's authoritative construction of the language of § 1404(a) compels the Court to rule that it is without power to transfer this case to the Southern District of New York despite the consent of all the parties in the action." *Silver v. Goodman*, 234 F. Supp. 415, 417-18 (D. Conn. 1964).

Ms. Raisman fails to recognize that *Hoffman* and *Silver* were decided before the 2011 amendment which added the language permitting a district court to transfer a case "to any district or division to which all parties have consented," so long as transfer is warranted based on the convenience of parties, convenience of witnesses, and interests of justice. "[T]he 2011 amendment to § 1404(a) added that a district court may also transfer an action to any district or division to which all parties have consented, thereby abrogating in part the *Hoffman* decision." *United States v. Guthrie*, No. 5:13-CV-00005-SLG, 2014 WL 12607713, at *1 n.11 (D. Alaska July 25, 2014).

Consequently, if Ms. Raisman had consented to the Central District of California, this Court would have granted the transfer motion under § 1404(a). Should Ms. Raisman reconsider

8

her position on consenting to transfer, the parties may so advise the Court.

## 2. District in Which Action Might Have Been Brought

Absent consent of all parties, the Court may transfer the action only to a "district or division where it might have been brought." Generally, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

USAG and Parilla have not even addressed § 1391(b) in attempting to show that Ms. Raisman's action might have been brought in the Central District of California. Instead, moving parties focus their arguments on the fact that Ms. Raisman previously sought transfer of the case to the Orange County Superior Court under state law provisions for coordination of cases. Moving parties cite no authority for the proposition that Ms. Raisman's prior add-on petition, filed before removal of this case to federal district court, has any relevance to the inquiry of whether this action might have been brought in the Central District of California under the general venue statute cited above.

Clearly, the action could not have been brought in the Central District of California under subsection (b)(1), as all defendants are not residents of the state in which the district is located (California). It may be that Ms. Raisman suffered abuse from Nassar in the Central District of California, and thus that the action might have been brought in the Central District under subsection (b)(2). However, moving parties have not demonstrated as much, and the record does not indicate that any abuse occurred in the Central District of California.

Because Ms. Raisman does not consent to the Central District of California and moving parties have not demonstrated that this action might have been brought in the Central District of California, the transfer motion must be DENIED.

**III. ORDER**

 (1) The administrative motion for an expedited ruling on the transfer motion without a hearing is GRANTED and the February 7, 2019 hearing on the transfer motion is VACATED; and

 (2) The motion for transfer of this case to the Central District of California pursuant to 28 U.S.C. § 1404(a) is DENIED.

Dated: November 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge