**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALEXANDRA ROSE RAISMAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OLYMPIC COMMITTEE, et al., <br><br> Defendants. | Case No. 18-cv-02479-BLF <br><br> **ORDER VACATING HEARING ON MICHIGAN STATE UNIVERSITY'S UNOPPOSED MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION; AND GRANTING MOTION** <br><br> [Re: ECF 52] |

This is one of many lawsuits arising out of the sexual abuse of young female athletes by Larry Nassar, who was a doctor in the athletics department at Michigan State University ("MSU") and the team doctor for the United States' women's Olympic and National gymnastics teams. Plaintiff Alexandra "Aly" Raisman, a former Olympic gymnast, alleges that Nassar molested her over a period of years, and that MSU, the United States Olympic Committee, and others allowed the abuse to occur.

MSU has reached a settlement with 333 plaintiffs, including Ms. Raisman. *See* Settlement Agreement, Exh. A to Van Gelder Decl., ECF 52-1. In exchange for the plaintiffs' release of all claims against MSU and certain individuals, MSU has agreed to pay $500,000,000 into a settlement fund that will be allocated among the plaintiffs by the Honorable William Bettinelli (Ret.) of JAMS. Settlement Agreement ¶¶ 4, 6. Of that settlement fund, $425,000,000 will be available for immediate allocation to the 333 current plaintiffs, and $75,000,000 will be reserved to pay potential future claims. Settlement Agreement ¶ 6.

MSU has filed a motion for a good faith settlement determination under California Code of Civil Procedure §§ 877 and 877.6. *See* Motion for Good Faith Settlement, ECF 52. Notice of the motion was given to all parties to this action, and no party has opposed. The Court finds this motion to be appropriate for disposition without oral argument and therefore VACATES the hearing set for December 6, 2018. The motion is GRANTED for the reasons discussed below.

## I. DISCUSSION

California Code of Civil Procedure 877 provides that "[w]here a release . . . is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. P. Code § 877(b). California Code of Civil Procedure 877.6 provides a mechanism by which a settling party may seek a determination that a settlement and release is in good faith. Cal. Civ. P. Code § 877.6. "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. P. Code § 877.6(b). A settling party may seek a good faith settlement determination under § 877.6 in federal court. *See Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

Section 877.6 has two objectives: equitable sharing of costs among parties at fault and encouragement of settlements. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488 (1985). In *Tech-Bilt*, the California Supreme Court set forth several factors to be considered when a court determines whether a settlement was made in good faith under § 877.6. *Id.* at 499. However, the *Tech-Bilt* factors must be evaluated only when a motion for good faith settlement determination is contested. *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.,* 192 Cal. App. 3d 1251, 1261 (1987). When no party objects to the proposed settlement, the court may enter a finding of good faith based on a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *Id.*

In the present case, all parties were served with notice of MSU's motion for a good faith settlement determination. *See* Proof of Service, ECF 57. No party has opposed the motion. The only response has been Plaintiff Raisman's statement of non-opposition. *See* Statement of Non-Opposition, ECF 65. MSU has submitted a declaration of counsel setting forth the background of this case and attaching the Settlement Agreement. *See* Van Gelder Decl., ECF 52-1. Based on this record, the Court need not undertake a full *Tech-Bilt* evaluation in order to determine that the Settlement Agreement is a good faith settlement. *See Grand Terrace*, 192 Cal. App. 3d at 1261.

In effect, the silence of the other Defendants speaks louder than a judicial evaluation of the *Tech-Bilt* factors.

**II. ORDER**

Having considered MSU's Motion for Good Faith Settlement Determination and the terms of the Settlement Agreement signed by Defendant MSU and Plaintiff Raisman, the Court finds and orders as follows:

(1) The hearing set for December 6, 2018 is VACATED;

(2) MSU's Motion for Good Faith Settlement Determination is GRANTED.

(3) The negotiations of the Settlement Agreement were fair and conducted in good faith and at arm's length, resulting in a settlement amount that is reasonable considering the proportionate liability between the defendants and litigation risk between MSU and Plaintiff Raisman. There is no evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of any non-settling defendant.

(4) The Settlement Agreement between MSU and Plaintiff Raisman is a "good faith settlement" within the meaning of California Code of Civil Procedure §§ 877 and 877.6.

(5) Pursuant to California Code of Civil Procedure §§ 877(b) and 877.6(c), this good faith settlement determination forever bars any other joint tortfeasor from asserting claims against MSU for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

**IT IS SO ORDERED.**

Dated: November 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge