**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALEXANDRA ROSE RAISMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OLYMPIC COMMITTEE, et al.,<br><br>Defendants. | Case No. 18-cv-02479-BLF<br><br>**ORDER DENYING DEFENDANT PENNY'S EX PARTE APPLICATION FOR A STAY OF ACTION**<br><br>[Re: ECF 78] |

Plaintiff Alexandra "Aly" Raisman, a former Olympic gymnast, alleges that she and numerous other young female athletes were sexually abused by Defendant Larry Nassar, formerly a doctor in the athletics department at Michigan State University ("MSU") and the team doctor for the United States' women's Olympic and National gymnastics teams. Plaintiff alleges that the abuse was permitted to occur by Defendants MSU, the United States Olympic Committee ("USOC"), USA Gymnastics ("USAG"), former USAG President Steve Penny, and former USAG board member Paul Parilla.

This order addresses Defendant Penny's Ex Parte Application for a Stay of this Action (ECF 78), Plaintiff's opposition (ECF 84), and Defendant Penny's reply (ECF 86). The application was submitted for decision without oral argument pursuant to court order (ECF 79). For the reasons discussed below, the ex parte application is DENIED.

**I.     DISCUSSION**

On September 28, 2018, Penny was indicted by a grand jury in Walker County, Texas, on a charge of destroying or concealing documents related to Larry Nassar with the intent to impair an investigation of alleged sexual assault by Nassar. Indictment, Cunny Decl. Exh. 1, ECF 84-1.

Specifically, Penny is charged with removing documents from the Karolyi Ranch, which at that time was USAG's National Training Center, in November 2016. *Id.* Penny was arrested on October 17, 2018. Cunny Exh. 2, ECF 84-1. Penny seeks to stay litigation of this action against him pending resolution of the Texas charges, arguing that absent a stay he will be forced to choose between asserting his Fifth Amendment right against self-incrimination and contesting this Court's personal jurisdiction over him. Penny's motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) is set for hearing on February 7, 2019.

Penny's application for relief is not presented in a form authorized by this Court's Civil Local Rules, which require that "[a]ny written request to the Court for an order must be presented by" a duly noticed motion or one of several alternative means which do not apply here. *See* Civ. L.R. 7-1(a). Those alternatives include a motion to enlarge or shorten time, an ex parte motion, a motion for administrative relief, a stipulation, or a motion regarding orders or recommendations of a magistrate judge. *See id.* Although Penny styles his motion as an "Ex Parte Application," it does not fit the definition of Ex Parte Motions set forth in the Civil Local Rules, which limits such motions to those "filed without notice to the opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances." Civ. L.R. 7-10. Penny's application was filed with notice to the other parties and he does not identify any statute or rule authorizing the application. Penny's application thus is subject to denial as procedurally improper.

The Court notes that Judge Staton, who is presiding over the parallel actions in the Central District of California, denied Penny's ex parte applications for a stay on the basis that Penny had failed to show why the applications could not be heard as regularly noticed motions. *See* Civil Minutes, ECF 113 in Case No. 2:18-cv-01117-JLS-KES. Judge Staton found that "the only prejudice arises from the hearing date scheduled on Penny's own 12(b)(2) motion," and observed that "[a] less drastic course would be a request to continue the hearing on Penny's 12(b)(2) motion until after the Court hears a noticed and fully briefed motion to stay." *Id.* Judge Staton denied Penny's ex parte motions, after which Penny filed noticed motions for stay which are set for hearing before Judge Staton in January 2019.

2

Notwithstanding the ex parte application's procedural deficiencies, the Court has considered it on the merits. The Court requested and received an opposition brief from Plaintiff and a reply brief from Penny, and it submitted the matter for decision without oral argument upon the completion of briefing. *See* Order Setting Briefing Schedule, ECF 79.

The Ninth Circuit has made clear that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Nevertheless, a district court may exercise its discretion to stay civil proceedings "when the interests of justice seem to require such action." *Id.* (internal quotation marks, citation, and alteration omitted). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case." *Id.* (internal quotation marks and citation omitted). "This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (internal quotation marks and citation omitted). "In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324-25.

**A.     Extent to Which Penny's Fifth Amendment Rights are Implicated**

Penny served as USAG's President for approximately twelve years, from 2005 to 2017. Compl. ¶ 22. Plaintiff alleges that during that period, Penny became aware that Nassar was a pedophile who had abused and was continuing to abuse young athletes under his care. Compl. ¶ 17. According to Plaintiff, Penny not only failed to stop such abuse but also "oversaw a wide-ranging, calculated concealment of numerous instances, complaints, and allegations of sexual abuse" and thereby enabled and ratified Nassar's abuse of Plaintiff and others. Compl. ¶ 22. Plaintiff alleges that Penny was acting as USAG's "employee, agent, and/or

3

servant" and thus that Penny's conduct can be imputed to USAG. *Id.*

Penny's alleged removal of evidence from the Karolyi Ranch occurred in November 2016, at the tail end of his tenure as USAG's president. His Fifth Amendment rights would not be implicated by discovery or motion practice regarding his knowledge and conduct during the decade that he acted as USAG's President prior to his alleged criminal conduct. Accordingly, this consideration does not weigh in favor of staying the entire civil action against Penny.

### B. Interest of Plaintiff in Proceeding Expeditiously with Litigation

Plaintiff Raisman has a strong interest in proceeding with this litigation, as it centers on the alleged concealment of abuse that happened years ago. Plaintiff understandably is concerned about the difficulty of preserving evidence and obtaining witness testimony if more time is permitted to elapse. This factor weigh against the requested stay.

### C. Burden on Penny

As noted above, the criminal charges against Penny are limited to his alleged destruction and concealment of evidence in November 2016. Plaintiff's allegations against him are far broader in scope, both as to time frame and nature of conduct. "[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) (internal citation omitted). Accordingly, while this factor perhaps weighs slightly in favor of a stay, the Court is not persuaded that requiring Penny to invoke his Fifth Amendment rights on a question-by-question basis with respect to 2016 events would be so burdensome as to warrant a complete stay of this litigation, which is grounded largely on events preceding the charged destruction of evidence.

### D. Convenience and Efficiency

Considerations of convenience and efficiency weigh against a stay. The Court has a substantial interest in clearing its docket, and it has no interest in allowing this case to proceed in piecemeal fashion any more than is required by USAG's recent bankruptcy stay.

4

**E.     Interests of Non-Parties to the Civil Litigation**

Third parties have been served with subpoenas for both records and testimony. They have an interest in providing the requested information and moving on, rather than being forced to respond to subpoenas as to some defendants now and as to Penny later after expiration of a stay.

**F.     Interest of the Public**

The public has a strong interest in resolution of Plaintiff's allegations that USAG and other entities and individual concealed systematic abuse of the United States' elite young female gymnasts. This factor weighs against a stay.

Having weighed the *Keating* factors, the Court concludes that they do not support Defendant Penny's requested stay of this litigation against him. Penny's application for stay therefore is DENIED.

As discussed above, the Court is aware that Penny has filed noticed motions for stay in cases pending before Judge Staton. In the event that Judge Staton issues the requested stay, Penny may file a noticed motion for a stay of litigation and may present Judge Staton's order(s) as persuasive authority.

The Court observes that the parties have devoted substantial argument to the merits of Plaintiff's as-yet unfiled Rule 11 motion and the propriety of various discovery requests. The Rule 11 issues are premature and are not properly raised in the briefing on Penny's application for a stay. All discovery issues, other than those which affect the case schedule, have been referred to Magistrate Judge DeMarchi for resolution.

**II.    ORDER**

Defendant Penny's Ex Parte Application for a Stay of this Action (ECF 78) is DENIED.

Dated: January 3, 2019

_____
BETH LABSON FREEMAN
United States District Judge

5